# State *ex rel.* Roblee *v.* Baine.

## *Quo Warranto Proceedings.*

1   *Quo warranto; when appeal should be dismissed.*—An appeal
from a decree or judgment in a *quo warranto* proceedings,
which is taken after the lapse of ten days from the rendi-
tion of such decree or judgment—the time prescribed by the
statute (Code, § 3437)—will be dismissed, since the time
within which the appeal must be taken to this court is of
the essence of its jurisdiction.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

The proceedings in this case were instituted by an
information being filed by the State of Alabama on the
relation of A. E. Roblee and by A. E. Roblee against
Tom Baine to test the constitutionality of an act ap-
proved February, 1901, providing for an inspector of
oils for Jefferson county, Alabama. The defendant de-
murred to the information, setting up that the act was
constitutional and further that the informant, A. E.
Roblee, was a non-resident and had no right to bring
the information. The court sustained the defendant's
demurrer and dismissed the information, and it is from
the judgment on this demurrer that the appeal is taken.

Under the opinion on the present appeal it is unneces-
sary to set out the facts of the case in detail.

GARRETT, UNDERWOOD & THACH, for appellant.

No counsel marked as appearing for appellee.

DOWDELL, J.—Section 3437 of the Code of 1896
provides that in *quo warranto* proceedings an appeal
may be taken to the Supreme Court within ten days
after the judgment is rendered. In the present case the
appeal was not taken within the time prescribed, but
long after the lapse of ten days from the rendition of

the judgment. The time within which an appeal must be taken to this court, which is purely appellate, is of the essence of jurisdiction.

It follows that the appeal must be dismissed.