(79 South. 268)

MERRIMAC MFG. CO. v. HEARN (KILGORE, Garnishee). (7 Div. 532.)

(Court of Appeals of Alabama. June 29, 1918.)

1. JUDGMENT ⊕═206—PERSONAL JUDGMENT —ACTION IN REM.

Where defendant in garnishment action executed dissolution bond under Code 1907, § 4313, action became personal and not one in rem, and defendant became bound to appear and defend, and, upon failure to do so, a personal judgment should have been rendered against him.

2. JUDGMENT ⊕═326 — AMENDMENT — NUNC PRO TUNC.

In garnishment proceeding, where court improperly entered judgment against garnishee alone, a dissolution bond having been executed under Code 1907, § 4313, an amendment nunc pro tunc, converting judgment against garnishee into one in rem against defendant, and also into a personal judgment against surety, cannot stand.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Action by H. W. Hearn against the Merrimac Manufacturing Company, and R. P. Kilgore, garnishee. Judgment for plaintiff. From an order granting a motion to amend the judgment nunc pro tunc, defendant appeals. Reversed and rendered.

John W. Overton, of Wedowee, and Tyson, Arrington & Arrington, of Montgomery, for appellant. R. J. Hooten, of Roanoke, for appellee.

BRICKEN, J. The action resulting in the judgment here for review was by attachment. The officer levied the attachment by serving a writ of garnishment on one Kilgore. Kilgore answered, admitting the indebtedness to the defendant in the sum of $284. The defendant executed a bond payable to the plaintiff in the sum of $700, with the National Surety Company as its surety, to procure a dissolution of the garnishment and the discharge of the garnishee. The condition of

the bond was to pay the "plaintiff such judgment as may be rendered or ascertained to exist in favor of said plaintiff against the said defendant in said cause, and cost of the suit.". This bond was given in accordance with the provisions of section 4313 of the Code of 1907, the effect of which was to dissolve the garnishment and to impose the duty upon the court, if judgment was rendered in favor of plaintiff against defendant, of rendering judgment against the obligors in the bond, for the amount of such judgment, interest thereon, and cost of suit. Subsequently, at the February term, 1916, the court entered a judgment against the garnishee, Kilgore, for the sum of $284 and cost of suit. At the February term, 1917, the plaintiff filed his motion to amend the judgment nunc pro tunc "by making it a special judgment against the defendant to the extent that it may be imposed against the funds in the hands of the garnishee, and also judgment against the National Surety Company." Without any notice to the defendant, on the 27th day of February of that term of court, the court granted the motion, and amended its former judgment so as to "order and adjudge that the plaintiff have and recover of the said R. B. Kilgore as garnishee the amount in his hands as garnishee, as shown by his answer, to wit, $284. And it further ordered and adjudged that the plaintiff have and recover of the National Surety Company, as surety on the garnishment dissolution bond, the sum of $284, for which let execution issue."

[1] When the defendant executed the dissolution bond, action became a personal one, and not one in rem, and it became bound to appear and defend, and, upon failure to do so, a personal judgment should have been rendered against it. Section 4313, Code 1907; Oliver v. Kinney, 173 Ala. 593, 56 South. 203.

[2] The amendment allowed sought to convert the judgment against the garnishee into one in rem against the defendant, and a personal judgment against the surety upon its dissolution bond. This could not be done. As said in Browder v. Faulkner, 82 Ala. 257, 3 South. 30:

"Such amendments 'ought never to be the means of modifying or enlarging the judgment, or a judgment record, so that it shall express something which the court did not pronounce, even although the proposed amendment embraces matter which ought clearly to have been pronounced.' However erroneous, the express judgment of the court cannot be corrected at a subsequent term.".

This principle finds application in a number of cases decided by the Supreme Court of this state. Robertson v. King, 120 Ala. 459, 24 South. 929; Tippins v. Peters, 103 Ala. 196, 15 South. 564; Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 South. 640. In the opinion in the latter case, it is stated:

"The object of a judgment nunc pro tunc is not the rendering of a new judgment, and the ascertainment and determination of new rights, but is one placing in proper form on the record the judgment that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply nonaction by the court, however erroneous the judgment may have been. * * * The power to amend nunc pro tunc is not revisory in its nature, and is not intended to correct judicial errors. Such amendment "ought never to be the means of modifying or enlarging the judgment or the judgment record, so that it shall express something which the court did not pronounce, even although the proposed amendment embraces matter which ought clearly to have been pronounced." However erroneous, the express judgment of the court cannot be corrected at a subsequent term.' "

A judgment will be here rendered, reversing the judgment and vacating it, and dismissing the motion to amend nunc pro tunc.

Reversed and rendered.