(113 So. 296)

**THOMPSON v. STATE ex rel. REEVES.**
(5 Div. 917.)

Supreme Court of Alabama.   June 9, 1927.

**Quo warranto ⬦62—Defendant's appeal, taken more than 10 days after judgment in action in nature of quo warranto, must be dismissed (Code 1923, §§ 9929–9951, and § 9949).**

In an action in the nature of quo warranto, under Code 1923, §§ 9929–9951, defendant's appeal, taken after lapse of more than 10 days after judgment within which, under section 9949, appeal may be taken, must be dismissed.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action in the nature of quo warranto by the State, on the relation of J. N. Reeves, against R. L. Thompson. From a judgment for plaintiff, defendant appeals. Appeal dismissed.

Jas. W. Strother, of Dadeville, for appellant.

George C. Douville, of Dadeville, for appellee.

In view of the decision, it is not necessary that briefs be set out.

PER CURIAM. This is an action in the nature of quo warranto, under chapter 337 of the Code of 1923. Section 9949 authorizes an appeal to the Supreme Court within 10 days after judgment, and an appeal taken after the lapse of 10 days must be dismissed. State ex rel. Roblee v. Baine, 131 Ala. 176, 31 So. 18. The record discloses a judgment rendered October 11th, but counsel have agreed to correct the record so as to make it read November 11th. The appeal was taken November 29th, more than 10 days after the judgment was rendered, and is therefore dismissed.

Appeal dismissed.

ANDERSON, C. J., and SAYRE, GARDNER, and BOULDIN, JJ., concur.

---

(113 So. 290)

**BESSEMER ENGINEERING & CONSTRUCTION CO. v. SMITH.** (6 Div. 909.)

Supreme Court of Alabama.   June 9, 1927.

**1. Master and servant ⬦412—Appeal taken after 30 days from decree awarding compensation must be dismissed (Code 1923, § 7571).**

An appeal taken after the lapse of 30 days within which, under Code 1923, § 7571, an appeal by certiorari may be had from the decree awarding compensation to an employee or his dependents, must be dismissed; the time of appeal being jurisdictional.

**2. Master and servant ⬦412—Proceeding to review decree awarding compensation should be by petition for certiorari, not by appeal, as in ordinary cases (Code 1923, § 7571).**

Under Code 1923, § 7571, providing that an aggrieved party may by certiorari appeal within 30 days from a decree awarding compensation, the proceeding for review should be brought to the Supreme Court by petition for certiorari rather than by appeal, as in ordinary cases.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Proceeding under the Workmen's Compensation Act by Isabella Smith, claimant, opposed by the Bessemer Engineering & Construction Company, employer. From a judgment granting an award, the defendant appeals. Appeal dismissed.

Benton & Bentley, of Bessemer, for appellant.

In view of the decision, it is not necessary that brief be here set out.

G. C. Boner and C. E. Wilder, both of Birmingham, for appellee.

It was necessary that appellant perfect its appeal by certiorari within 30 days after rendition of the decree. Code 1923, §§ 7571, 7588.

BOULDIN, J. [1] From the decree awarding compensation to an employee, or his dependents in case of death, the "aggrieved party may by certiorari within thirty days thereafter appeal to the Supreme Court of Alabama." Code, § 7571. In this statutory review of compensation proceedings the time of taking appeal is jurisdictional. If taken after the lapse of 30 days, the appeal must be dismissed. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte L. & N. R. Co., 214 Ala. 489, 108 So. 379; Minge v. Smith, 206 Ala. 330, 89 So. 473; Burgin v. Sugg, 210 Ala. 142, 97 So. 216; Walden v. Leach, 201 Ala. 475, 78 So. 381; Coker v. Fountain, 200 Ala. 95, 75 So. 471; Boshell v. Phillips, 207 Ala. 628, 93 So. 576.

[2] This proceeding should have been brought here by petition for certiorari. In fact, an appeal bond was filed and approved and appeal certified as in ordinary cases. In any event, the proceeding was not begun within 30 days after the findings of fact and judgment thereon was filed and entered in the court below.

Appeal dismissed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes