161 So.2d 486

**Eddie FADDIS**

v.

**WOODWARD IRON COMPANY.**

**6 Div. 974.**

Supreme Court of Alabama.

Feb. 20, 1964.

284

Brobston & Brobston, Bessemer, and Richard L. Jones, Birmingham, for appellant.

Carl G. Moebes, Woodward, and Norman K. Brown, Bessemer, for appellée.

SIMPSON, Justice.

Petition for certiorari to the Circuit Court of Jefferson County, Bessemer Division, to review a judgment of that court in a Workmen's Compensation case.

On April 9, 1956 appellant was awarded compensation for a permanent partial disability from occupational pneumonoconiosis, the permanent partial disability being agreed upon as forty per cent. Appellant filed an application on January 25, 1961, for modification of the court approved settlement, averring that his disability from occupational pneumonoconiosis had increased to one hundred per cent and that he is totally and permanently disabled and asked the court to award him "such compensation to which he may be entitled on account of any increase in his disability as provided by § 300, Title 26, Code of Ala. 1940, as amended".

Appellee filed demurrers to the application, the application was amended, and demurrers were filed to the amendment. On

September 25, 1962, the demurrers were sustained, and on November 20, 1962, appellant took a voluntary non-suit. Thereafter, appellant filed on December 6, 1962, within 30 days from the date of said order and judgment of non-suit, an appeal to this Court, which appeal was dismissed on March 4, 1963.

While the appeal was pending appellant filed in the court below a motion to amend nunc pro tunc the order of the lower court of November 20, 1962, more than 30 days after entry of the said order and judgment of non-suit on November 20, 1962. Appellee filed a motion to strike the motion to amend, alleging among other things the following ground:

"2. More than thirty (30) days have expired since the rendition of said order or judgment dated November 20, 1962, and this honorable Court does not have jurisdiction to hear or determine said motion."

The lower court denied the motion to strike; thereupon appellee filed demurrers assigning the same grounds as in the motion to strike; the demurrer was overruled and the lower court entered an order on February 22, 1963 setting aside its order of non-suit entered November 20, 1962, and entered an order of dismissal of the application. Whereupon appellant filed the instant petition for writ of certiorari in this Court, which writ was granted March 20, 1963.

Appellee contends that the time for filing this petition for certiorari expired 30 days after the judgment of non-suit was entered on November 20, 1962; that the lower court's order and judgment of dismissal for failure to plead further on February 22, 1963, and setting aside the judgment of non-suit is null and void, or alternatively, if not null and void, the date of entry relates back to the time of entry of judgment of non-suit on November 20, 1962, and therefore the petition for writ of certiorari was filed too late and beyond the 30-day period

allowed for such review under § 297 Title 26, Code of Ala. 1940, as amended.

■ We find ourselves in agreement with appellee on its motion to dismiss. The only method of review open to an aggrieved party in a workmen's compensation case is by certiorari under Title 26, § 297, Code of Ala. 1940, as amended. Remedy by appeal is not available to review the judgment of a trial court in workmen's compensation cases. Carothers v. McNabb, 216 Ala. 366, 113 So. 298; Bessemer Engineering & Construction Co. v. Smith, 216 Ala. 348(7), 113 So. 290; Guntner v. Wofford & Co., 223 Ala. 420, 137 So. 27.

■■ We think it well settled from the cases that where a judgment even though defective, has been entered by the court, and a motion is made to amend said judgment nunc pro tunc to correct clerical errors, the corrected judgment relates back to the defective judgment, that is, the date it was originally entered and the time for taking an appeal, and we perceive review by writ of certiorari under the compensation statutes dates from the date of the original judgment. Lipscomb v. Bessemer Board of Education, 258 Ala. 47, 61 So.2d 112; Ex parte Biddle, 258 Ala. 190, 61 So.2d 803; Johnson v. Bryars, 264 Ala. 243 (12), 86 So.2d 371.

■■ It is also settled law in our jurisdiction that an amendment nunc pro tunc is not revisory in its nature, and not intended to correct judicial errors; such power should never be used as a means of modifying or enlarging a judgment so that it would express something which the court did not pronounce, even though such amendment embraced matters that should have been pronounced. Merrimac Mfg. Co. v. Hearn, 16 Ala.App. 507, 79 So. 268; Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125; Lewis v. Smith, 265 Ala. 620, 92 So.2d 886.

■ The circuit courts lose all powers of plenary jurisdiction thirty days after rendition of final judgment, after which

time the circuit court may not modify, set aside, or vacate a judgment. Ex parte Howard, 225 Ala. 106, 142 So. 403; Johnson v. Bryars, 264 Ala. 243, 86 So.2d 371; Title 13, § 119, Code of Ala. 1940.

The motion to dismiss is granted and writ of certiorari is quashed.

Writ denied.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.