PER CURIAM.
This is a workmen’s compensation case.
The appellee-employer has filed with this court a motion to dismiss appellant-employee’s appeal. The employer’s motion contends that appellate jurisdiction was not timely invoked.
The record before us reveals the following:
Petitioner filed a notice of appeal with the Supreme Court of Alabama some 36 days after judgment was entered in the trial court, and subsequently filed a motion to transfer the case to this court and treat the notice as a defective petition for writ of certiorari with leave to amend the petition. Appellee-employer then filed a motion to dismiss on the grounds that (1) the statutory time for invoking appellate jurisdiction was not met and (2) the notice of appeal cannot be treated as a defective petition which may be amended.
We find the employer’s first contention to be well taken and grant the motion to dismiss.
In view of our finding, it is not necessary to reach the employer’s second contention.
The statutory right of review of workmen’s compensation cases is “an appeal by certiorari.” Tit. 26, § 297(E), Code of Alabama 1940. The decision of the Supreme Court of Alabama has made it abundantly clear that review of workmen’s compensation cases is by certiorari, not appeal. Faddis v. Woodward Iron Co., 276 Ala. 283, 161 So.2d 486. It is equally as clear that the 30-day time period for statutory review of workmen’s compensation cases is jurisdictional. Bessemer Engineering & Construction Co. v. Smith, 216 Ala. 348, 113 So. 290.
The new appellate rules state that appeals, generally, shall be taken within 42 days (ARAP Rule 4(a)(1)); the rules are silent as to “appeals by certiorari.” Moreover, Tit. 26, § 297(E), Code of Alabama 1940, is not listed in either the amended or superseded statutes in- the appendix which accompanies the rules. Thus, the hiatus: Does the 30-day time period set by statute govern or does the 42-day time period for “appeal”?
In view of the long historical difference between review by certiorari and appeal as set forth by the supreme court in articulating procedure in workmen’s compensation cases and in the absence of any indication of any change in those decisions in the new appellate rules, we feel constrained to follow the decisional law of the supreme court in this matter. This is done in light of this court’s continued concern since the rules were adopted that just such a problem might occur; and in light of this court’s urgent request that this dilemma be corrected, whether by supreme court rule or by legislative amendment.
We would point out to counsel that the recently adopted appellate rules do allow for certiorari of appellate court opinions where the appellate court follows prevailing supreme court decisional law. See ARAP Rule 39(c)(5).
MOTION TO DISMISS GRANTED.
All Judges concur.