BEATTY, Justice.
Petition for a writ of mandamus to require a circuit judge to set aside his order staying the execution of a judgment. Writ granted.
The matter before us originated in the form of a quo warranto petition filed on September 27, 1977 against Milton Douglas Joyner, Jr., which questioned his right to hold a position on the Mobile County Personnel Board. A hearing on that petition resulted in an order on October 11, 1977 removing Joyner from office.
On November 2, 1977, Joyner filed a notice of appeal, a motion for a stay of the final judgment, and a request that the Court fix a supersedeas bond. A motion to dismiss those proceedings was overruled, after which the circuit court granted the motion to stay conditioned upon Joyner’s filing a supersedeas bond, which was filed.
The basic question before us concerns the time within which one removed by judgment from public office may tender a su-persedeas bond to supersede that judgment and obtain a stay of execution of that judgment.
Prior to the effective date of the Code of Ala. 1975, i. e., midnight October 31, 1977, quo warranto actions were controlled by the provisions of Tit. 7, Chap. 13, Ala.Code of 1940 (Recomp.1958). Under those provisions there are two sections pertinent to this case. Section 1148 governs the nature of the judgment to be entered and the time for execution of that judgment:
When a defendant, ... is adjudged guilty of . . . unlawfully holding . . . any office judgment must be rendered that such defendant be excluded from the office . and execution shall be issued on such judgment at the expiration of five days from the date thereof, unless the *1360 defendant shall, within such time, take an appeal to the supreme court. Any violation of any such order shall be a contempt of court.
And § 1154 deals with superseding the judgment:
[t]he appeal does not supersede the execution of the judgment, unless the party appealing shall execute bond, .
It is readily apparent that these provisions contemplate both an appeal and a stay of execution of the judgment in quo warranto proceedings which result in the ouster of one from public office. The appeal may proceed without a supersedeas bond having been fixed, but the defendant does not stay execution merely by appealing from the order. He must go forward and provide a supersedeas bond.
The defendant does not quarrel with the applicability here of §§ 1148 and 1154, but he maintains that they relate to distinct subjects, i. e., the former to the time of execution, and the latter to superseding that execution which, he contends, may be accomplished even though execution has already issued. It is true that the express language of § 1154 sets no time limit within which the execution of the judgment of ouster may be superseded, but we believe that one exists, nevertheless, when we consider these statutes in pari materia. Donoghue v. Bunkley, 247 Ala. 423, 25 So.2d 61 (1946). Otherwise we could experience the anomalous situation whereby a removal from public office had taken place, the vacancy filled, and then sometime later the displacement of the new officeholder by the ousted former one. In our opinion the statutes in existence at the time this proceeding was initiated provided a time sequence by which the ousted official could appeal the adverse judgment and have it superseded during appeal and, quo warranto being a statutory proceeding, it must meet those statutory requirements. State ex rel. Norrell v. Key, 276 Ala. 524, 165 So.2d 76 (1964). In that connection, it is interesting to compare the provisions for a stay of execution in quo warranto actions contained in the Code of Ala. 1975 with those of the Code of Ala. 1940. In the new Code, the defendant may, under § 6-6-604, stay execution of the judgment “as prescribed in Rule 8 of the Alabama Rules of Appellate Procedure. . . Those rules provide different conditions for supersedeas bonds than those contained in the Code of Ala. 1940. However, the legislature did not modify the statutory scheme for this unique proceeding until November 1, 1977, and so the previously existing statutory procedure controls this case. Under that procedure, the ousted defendant should have executed his supersedeas bond within five days of the judgment (§§ 1148, 1154) if he desired to have the trial court suspend the execution of that judgment. Such action was jurisdictional. Thompson v. State ex rel. Reeves, 216 Ala. 348, 113 So. 296 (1927); accord, Cooper v. Acuff, 285 Ala. 437, 233 So.2d 223 (1970). Contrary to the defendant’s argument, Rule 62(d), ARCP does not extend the time within which a stay of execution of the judgment may be obtained in quo warranto proceedings brought under the Code of Ala. 1940 (Recomp.1958).
The trial court possessing no jurisdiction to grant sych a stay, its order was made without authority and must be set aside.
If, on the basis of this decision, the trial court fails to vacate the stay of execution heretofore granted and fails to vacate its order approving the supersedeas bond, then a writ to effectuate same will issue on request of petitioner.
WRIT GRANTED CONDITIONALLY.
TORBERT, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.