514 So.2d 797 (1987)
SHEETZ, AIKEN & AIKEN, INC.
v.
LOUVERDRAPE, INC., et al.
85-741.
Supreme Court of Alabama.
February 20, 1987.
On Return to Remand October 2, 1987.
*798 John E. Byrd, Dothan, for appellant.
Richard Broughton and C. Winston Sheehan, Jr., Montgomery, for appellee Louverdrape, Inc.
H.E. Nix, Jr., and Charles A. Stewart III, of Hill, Hill, Carter, Franco, Cole & Black, Montgomery, for appellee Howard Industries.
Mike Brock of Rushton, Stakely, Johnston & Garrett, Montgomery, for appellee Woodham Plumbing Co., Inc.
Edward M. Price, Jr., of Farmer, Price & Smith, Dothan and Davisson F. Dunlap of Pennington, Wilkinson, Dunlap, Butler & Gautier, Tallahassee, Fla., for appellee GAF Corp.
BEATTY, Justice.
The appellant, Sheetz, Aiken & Aiken, Inc. ("Sheetz") appeals from an order entered in the Circuit Court of Houston County. The order granted motions to dismiss a third-party complaint filed by Sheetz against appellees Louverdrape, Inc. ("Louverdrape"); Howard Industries ("Howard"); Woodham Plumbing Company, Inc. ("Woodham"); and GAF Corporation ("GAF").
Sheetz was the architect/developer of a housing project carried out for the Dothan *799 Assisted Housing Corporation ("DAHC") called "Vaughn Towers." The 120-unit project was designed to be housing for the elderly. DAHC filed suit against Sheetz and Albert B. Smith, the prime contractor of the project, after the construction was completed. DAHC alleged, among other things, faulty construction. Sheetz then filed a third-party complaint against the four appellees and various other subcontractors on the project. Sheetz claimed to be a third-party beneficiary of the contracts between these subcontractors and Smith, the prime contractor. The subcontractors either supplied or manufactured materials used in the project or supplied labor for the project.
Appellees filed motions to dismiss Sheetz's third-party complaint against them. On February 14, 1986, the trial court entered an order granting appellees' motions to dismiss. Ten days later, on February 24, 1986, the trial court entered an order amending the order of February 14 to enter judgment against Sheetz in favor of appellees/third-party defendants:
"The court amends order of 2-14-86 to state that the court finds no just reason for delay of the claims of 3rd-party Plaintiff Sheetz against Louverdrape, Inc., Howard Industries, Woodham Plumbing Company, and GAF Corporation and judgment is hereby entered against Sheetz in favor of those 3rd-party defendants."
On March 31, 1986, Sheetz filed its notice of appeal from the above order.
Appellees have moved to dismiss Sheetz's appeal to this Court, contending that Sheetz failed to meet the 42-day deadline under Rule 4(a)(1), A.R.App.P., for filing its notice of appeal. Appellees argue that Sheetz's notice of appeal filed March 31, 1986, was an appeal from the February 14, 1986, order, and was, therefore, filed beyond the 42-day deadline. Appellees reason that the trial court's order of February 24, amending the order of February 14, related back to the date the order amended was entered, i.e., February 14, 1986. We disagree.
To render finaland therefore appealablean otherwise non-final order, Rule 54(b), A.R.Civ.P., requires that language used by the trial court in its order of February 24, 1986, amending its order of February 14:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)
"The time for filing an appeal, as set out in Rule 4(a), A.R.App.P., cannot begin to run until there is final judgment." Foster v. Greer & Sons, Inc., 446 So.2d 605, 609 (Ala. 1984). In this case, the final judgment dismissing these appellees was entered on February 24, 1986, and the notice of appeal was filed on March 31, 1986within the time provided by our rules. Faddis v. Woodward Iron Co., 276 Ala. 283, 161 So. 2d 486 (1964), cited by appellees, is not applicable to this case. In Faddis, the court acted to correct clerical errors in a previously effective final judgment. In this case, no effective final judgment had been entered prior to February 24, 1986.
Having found the appeal to be timely, nevertheless, we find that in the present posture of the record, we are unable to reach the merits in this case.
*800 The first problem concerns four documents Sheetz has appended as exhibits to its brief (Exhibits I, II, and III) and which it requests this Court to consider in ruling on the merits in this case. Appellee GAF moved to strike these documents, contending that they were not made a part of the record below. In response, Sheetz filed a formal motion for modification of the record under Rule 10(f), A.R.App.P. Subsequently, the remaining appellees also filed motions to strike the exhibits to Sheetz's brief, contending, inter alia, that the exhibits were not part of the record below and, therefore, are not properly before this Court; that the exhibits were not listed as such in the appellant's designation of the record on appeal filed on March 31, 1986; that the materials were not omitted by error or misstatement from the record and, therefore, were not proper for inclusion under Rule 10(f); that the exhibits were not before the trial court when the appellees were dismissed from the case; and that the exhibits were not offered in accordance with Rule 30, A.R.App.P.
Rule 10(f) provides:
"If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to an settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court."
Sheetz contends that, except for a correction it made to reflect a name change, Exhibit I to its brief is in the record as Exhibit A to the DAHC complaint against Sheetz and Smith, the prime contractor. As to Exhibit II, Sheetz contends that it was referred to throughout the DAHC complaint, Smith's third-party complaint against its subcontractors, and Sheetz's third-party complaint. Sheetz does not contend, however, that Exhibit II was ever actually made a part of the record in this case. As to Exhibit III, Sheetz concedes it was never made a part of the record, but contends that it was presented to the trial court in GAF's brief in support of its motion to dismiss Sheetz's third-party complaint.
We have compared Exhibit I of Sheetz's brief to Exhibit A of DAHC's complaint, and we find that, except for the name change, the documents are the same. As for Exhibit III, which is GAF's warranty on the roof, nothing in the record indicates that GAF filed or presented a brief in support of its motion to which a copy of this warranty was appended. Thus, pursuant to Rule 10(f), we remand the case to the trial court to (1) determine whether the name change correction made by Sheetz to Exhibit A of DAHC's complaint is, in fact, correct and, if so, direct that the correction be made; and (2) determine whether a brief was filed or submitted to the trial court by GAF in support of its motion to dismiss to which a copy of the roof warranty was attached, and, if so, direct that the record in this case be supplemented to add this brief and its attachments.
As for Sheetz's Exhibit II, which includes a copy of the contract between Sheetz and Smith and a letter from Smith to Sheetz concerning the project, we have read DAHC's complaint as well as Smith's and Sheetz's third-party complaints. We find that, while this contract is referred to in these complaints insofar as it is alleged that Sheetz contracted with Smith for the construction of the project, the terms of the contract are not alleged. The allegation in a complaint that a contract exists between two parties is quite different from an allegation setting out the substance of its terms, especially where those terms are now claimed to be determinative of an issue arising out of the contract, such as the existence of third-party beneficiary status.
*801 It is well settled that this Court is limited to a review of the record alone and that the record cannot be changed, altered, or varied on appeal by statements in briefs of counsel, nor by affidavits or other evidence which undisputedly does not appear in the record. Green v. Standard Fire Ins. Co. of Alabama, 398 So.2d 671, 673 (Ala.1981) (quoting Cooper v. Adams, 295 Ala. 58, 322 So.2d 706 (1975)). See also Ex parte Baker, 459 So.2d 873 (Ala.1984).
When there are questions concerning errors in or omissions from the record on appeal, Rule 10(f) does permit this Court to submit these questions to the trial court for resolution. However, as to Exhibit II, Sheetz does not contend that these documents were erroneously omitted from the record in this case. It, nevertheless, asks this Court to consider materials which neither appear in the record nor are alleged to have been considered by the trial court in ruling on the motions to dismiss. This we cannot do under the above cited authorities. Because Sheetz's claims with respect to its Exhibit II do not fall within the parameters of Rule 10(f), appellees' motions to strike are due to be granted as to this exhibit only.
The second problem preventing a review of the merits in this case arises out of the first problem and concerns what, if anything, was considered by the trial court in ruling on appellees' motions. Both sides argue that the standard of review applicable to this case is that standard applicable to motions to dismiss for failure to state a claim: "[A] dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief." Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985). However, it may very well be that the applicable standard of review here is that which is used when reviewing a motion for summary judgment.
The only ground for dismissal under Rule 12(b), A.R.Civ.P., alleged by appellees in their respective motions to dismiss is under subsection (6): failure to state a claim upon which relief can be granted. As to motions filed under that subsection,
Rule 12(b) further provides:
"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
(Emphasis added.) Therefore, under the above stated rule, we have held:
"[W]here matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment as provided in Rule 12(c), A.R.Civ.P., regardless of its denomination and treatment by the trial court. Sims v. Lewis, 374 So.2d 298 (Ala.1979); Papastefan v. B & L Construction Co., 356 So.2d 158 (Ala.1978); Thorne v. Odom, 349 So.2d 1126 (Ala. 1977). Once matters outside the pleadings are considered, the requirements of Rule 56, A.R.Civ.P., become operable and the `moving party's burden changes and he is obliged to demonstrate that there exists no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law.' C. Wright & A. Miller, Federal Practice & Procedure, Civil, § 1366 at 681 (1969)."
Boles v. Blackstock, 484 So.2d 1077, 1079 (Ala.1986). In the present case, just as in Boles, the trial court did not draft a separate order granting appellees' motions to dismiss. Rather, a handwritten order was entered and signed on the case action summary sheet stating in part that "Louverdrape, Inc.'s, Howard Industries', Woodham Plumbing Company's, and GAF's motions to dismiss amended 3rd party complaint of defendant Sheetz granted." Thus, there is nothing in the record expressly indicating which materials, if any, other than the pleadings, the trial court considered in ruling on the motions.
*802 However, even if we look only to Sheetz's third-party complaint, we see that express reference is made in it to the complaint filed against Sheetz by DAHC, to which Sheetz's Exhibit I is attached. There is authority for the view that a Rule 12(b)(6) motion is converted into one for summary judgment where materials are filed concurrently with the pleadings or other matters have been filed with the court prior to the motion to dismiss. See Boles v. Blackstock, supra; C. Wright and A. Miller, Federal Practice & Procedure, Civil, § 1366 at 677-78 (1969) and cases cited in footnotes 62 and 63. See also Westinghouse Electric Supply Co. v. Wesley Construction Co., 414 F.2d 1280 (5th Cir.1969). Nevertheless, due to the necessity of remanding this case to the trial court with directions that the contents of the record be ascertained and corrected, we decline to presume at this time that matters outside the pleadings were considered on appellees' motions to dismiss so that the motions to dismiss had to be treated as motions for summary judgment. Instead, on remand, we direct the trial court to enter an order indicating whether matters outside the pleadings were considered in granting appellees' motions.
For these reasons, we pretermit any further discussion of the remaining issues presented by this appeal.
REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.

ON RETURN TO REMAND
BEATTY, Justice.
This case is presented again to this Court on return to remand. In our original opinion, February 20, 1987, we remanded the case to the trial court pursuant to Rule 10(f), A.R.App.P., requesting the trial court to correct, modify, or supplement the record as submitted to this Court on appeal, and further, to enter an order indicating whether, in granting defendants' motions to dismiss, matters outside the pleadings were considered. In compliance with this request, the trial court entered an order on remand directing that the record be appropriately supplemented, and indicating that matters outside the pleadings were considered in granting defendants' motions to dismiss. In view of the trial court's order, and in accord with the principles of law expressed in our earlier opinion, we requested the parties to rebrief this case, applying the standard of review applicable to motions for summary judgment. Having considered the briefs of the parties and the evidence of record, we hold that the judgments below in favor of appellees Louverdrape, Inc., Howard Industries, and Woodham Plumbing Company, Inc., are to be reversed. The judgment in favor of appellee GAF Corporation ("GAF") is due to be affirmed.
The facts pertinent to the case are sufficiently set out in this Court's earlier opinion. Each appellee filed a motion to dismiss the third-party complaint of Sheetz, Aiken & Aiken, Inc. ("Sheetz") against it in which Sheetz sought to be considered a third-party beneficiary of the contracts between these appellees and the prime contractor, Albert B. Smith. The trial court granted the appellees' motions to dismiss, which were due to be treated as motions for summary judgment because matters outside the pleadings were considered. See Rule 12(b), A.R.Civ.P.
"Once matters outside the pleadings are considered, the requirements of Rule 56, A.R.Civ.P., become operable and the `moving party's burden changes and he is obliged to demonstrate that there exists no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law.' C. Wright & A. Miller, Federal Practice & Procedure, Civil, § 1366 at 681 (1969)." (Emphasis added.)
Boles v. Blackstock, 484 So.2d 1077, 1079 (Ala.1986). None of the moving parties in this case, except GAF, offered any evidence in support of its motion. It is axiomatic that

"it is the movant's burden on motion for summary judgment to refute, by competent evidence, any and all allegations of plaintiffs' complaint and thereby establish that there is no genuine issue of any material fact and that the *803 movant is entitled to a judgment as a matter of law. Braswell Wood Co. v. Fussell, 474 So.2d 67 (Ala.1985); Couch v. Dothan-Houston County Airport Authority, Inc., [435 So.2d 14 (Ala. 1983)]." (Emphasis added.)
Cabaniss v. Wilson, 501 So.2d 1177, 1187 (Ala.1986). Because appellees Louverdrape, Inc., Howard Industries, and Woodham Plumbing Company have failed to meet their burden, the summary judgments in their favor are due to be reversed.
In support of its motion, appellee GAF submitted a copy of the roofing bond it issued to the Dothan Assisted Housing Corporation. There is nothing whatsoever contained in that bond that evidences any intent by GAF that the bond directly benefit Sheetz. Wood Chevrolet Co. v. Bank of the Southeast, 352 So.2d 1350 (Ala.1977); Federal Mogul Corp. v. Universal Construction Co., 376 So.2d 716 (Ala.Civ.App. 1979). The roofing bond clearly indicates that it was intended to benefit only the Dothan Assisted Housing Corporation, as owner of the building upon which the roof was built:
"This guarantee shall accrue only to the original owner named herein. It shall not accrue to the benefit of any tenant, purchaser, successor, or assign of the original named owner." (Emphasis added.)
In opposition to GAF's motion, Sheetz offered no evidence that established a scintilla of evidence that GAF intended to directly benefit Sheetz by its roofing bond to the Dothan Assisted Housing Corporation. Thus, GAF met its burden of establishing that there was no genuine issue of material fact as to Sheetz's complaint against GAF. For that reason, the judgment in favor of GAF is due to be affirmed. Rule 56(c), A.R.Civ.P.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
MADDOX, ALMON, ADAMS and HOUSTON, JJ., concur.