In this workmen's compensation case, a final judgment was entered on June 19, 1990, in favor of James H. Sherer (employee) against Sherer Timber Company, Inc. (employer). On July 2, 1990, the employer filed an A.R.Civ.P., Rule 59 motion. The case action summary sheet reflects that on August 2, 1990, the Rule 59 motion was "continued by agreement." On August 31, 1990, the employee filed an objection to the Rule 59 motion.
The case action summary sheet further reflects that on November 14, 1990 (123 days after the motion was filed), the motion was set for December 3, 1990. The Rule 59 motion was argued on that date and ultimately denied by the trial court on December 18, 1990. Notice of appeal was filed by the employer on January 29, 1991, along with an affidavit by a deputy clerk concerning the August 2, 1990, continuance.
Rule 59.1, A.R.Civ.P., provides that no post-judgment motion shall remain pending in the trial court beyond 90 days, "unless with the express consent of all the parties, which consent shall appear of record. . . ." The express consent, by either party, to continue this Rule 59 motion beyond the 90-day period does not appear of record. Consequently, the Rule 59 motion was denied by operation of law on September 30, 1990, and the employer had 42 days from the date on which the motion was deemed denied under Rule 59.1, A.R.Civ.P., in which to appeal.Harrison v. Alabama Power Co., 371 So.2d 19 (Ala. 1979). The January 29, 1991, notice of appeal was well beyond that time period and was untimely. The timely filing of notice of appeal is a jurisdictional act, and unless the notice is filed within the applicable period of Rule 4, A.R.App.P., we are without jurisdiction to reach the merits of the case.Harrison.
This appeal is due to be dismissed.
APPEAL DISMISSED.
RUSSELL, J., concurs.
THIGPEN, J., recused.