KENNEDY, Justice.
James H. Sherer received a final judgment in a workmen’s compensation action against Sherer Timber Company, Inc., on June 19, 1990. On July 2, 1990, Sherer Timber filed a motion to alter, amend, or vacate the judgment, pursuant to Rule 59, A.R.Civ.P. The case action summary sheet shows that the Rule 59 motion was “continued by agreement” of the parties on August 2, 1990. On August 31, 1990, James Sherer filed an objection to the Rule 59 motion.
On November 14, 1990 (135 days after the Rule 59 motion was filed), the Rule 59 motion was set for hearing on December 3, 1990. The trial court held the hearing and denied the motion on December 18, 1990. Sherer Timber filed a notice of appeal on January 29, 1991, along with an affidavit by a deputy clerk of the Dallas Circuit Court concerning the August 2, 1990, continuance.
Rule 59.1 provides that no post-judgment motion shall remain pending in the trial court beyond 90 days, “unless with the express consent of all parties, which consent shall appear of record.” The Court of Civil Appeals held that even though the case action summary sheet stated that the Rule 59 motion had been continued by agreement, “the express consent, by either party, to continue this Rule 59 motion beyond the 90-day period does not appear of record.” 612 So.2d 467 (1991). We disagree.
The case action summary sheet clearly reflects that the motion was continued by agreement. Additionally, the affidavit of the deputy clerk states that on August 2, 1990, at the request of the trial judge (Judge Charles Thigpen), both parties agreed to a continuance until after the judge had completed his campaign for a seat on the Court of Civil Appeals. The entry on the case action summary sheet is sufficient to meet the “of record” requirement of Rule 59.1, A.R.Civ.P. Therefore, the appeal was timely. We reverse the judgment and remand this case for the Court of Civil Appeals to review it on the merits.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.