CRAWLEY, Judge,
concurring in part and dissenting in part.
Although I agree with the other portions of the opinion, I must respectfully dissent from the decision that the appeal from the Shamrock case was untimely and must be dismissed. As Judge Thompson’s opinion states in footnote 2, 768 So.2d at 382, there is a dispute about the filing date of the notice of appeal. Karen Rush filed a motion to dismiss, arguing that the notice of appeal in the Shamrock case had been filed on March 27, 1998, one day late. In the response to the motion to dismiss, Nell Rush filed an affidavit from her attorney’s secretary, which stated that the secretary had filed the notice of appeal in the clerk’s office on March 26, and filed an unexecut-ed copy of the notice of appeal on which appears the circuit clerk’s date-stamp reflecting the date of March 26. She also requested that this court hold an evidentia-ry hearing to determine when the filing took place. Although it is not styled as a Rule 10(f), Ala.R.App.P., motion to correct the record, I would treat the motion as such.
Judge Thompson’s opinion states: “[W]e find the date upon which [the Shamrock ] notice of appeal was filed to be March 27, 1998.” 768 So.2d at 382 n. 2. That date makes the Shamrock appeal untimely. I do not believe this court should determine when the notice of appeal was filed. As the supreme court has stated, “[w]hen there are questions concerning errors in ... the record on appeal, Rule 10(f) does permit this Court to submit these questions to the trial court for resolution.” Sheetz, Aiken & Aiken, Inc. v. Louverdrape, Inc., 514 So.2d 797, 801 (Ala.1987) (remanding the case for the trial court to determine whether a name change on a pleading was correct and whether a brief with a certain exhibit was indeed filed). This court, like our supreme court, has the power to, “on its own initiative, order that the record be” corrected. Rule 10(f), Ala. R.App.P. In my opinion, a limited remand for the trial court to determine whether the notice was actually filed in a timely manner is essential in this case because the result directly affects whether this court has jurisdiction over the appeal.
MONROE, J., concurs.