952 So.2d 1144 (2006)
Denise D. HIGGINS
v.
Ronnie Lynn HIGGINS.
Denise D. Higgins
v.
Ronnie Lynn Higgins.
2040789 and 2050276.
Court of Civil Appeals of Alabama.
June 2, 2006.
*1145 J. Timothy Smith, Hoover, for appellant.
Douglas L. Key and Foster D. Key of Key Greer Frawley Key & Harrison, Birmingham, for appellee.
CRAWLEY, Presiding Judge.
In February 2003, Denise D. Higgins ("the wife") sued for a divorce from Ronnie Lynn Higgins ("the husband"). After a trial, the trial court entered a divorce judgment on May 25, 2004. That judgment inadvertently omitted the language divorcing the parties; it did, however, address all pending matters relating to the property division, child custody, and child support at issue between the parties. On June 15, 2004, the husband filed a postjudgment motion; on June 21, the wife also filed a postjudgment motion. On August 17, 2004, the trial court made the following entry on the case-action-summary sheet:
"The Court continues the [wife's] Rule 59[, Ala. R. Civ. P., postjudgment] motion pursuant to the express consent of the parties made in open court, which said consent hereby appears of record. The motion is continued and reset for hearing on September 27, 2004, at 9:00 a.m."
The trial court, on August 20, 2004, made another entry on the case-action-summary sheet, which reads:
"The Court hereby corrects a serious error and amends its order of 8/17/04 by deleting the phrase, `[wife's] Rule 59[, Ala. R. Civ. P., postjudgment] motion' and substituting therefor the phrase `parties' Rule 59 motions.' For clarification, all pending Rule 59 motions are continued by the express consent of the parties. The hearing on said motions remains set at 9:00 a.m. on September 27, 2004."
On September 28, 2004, the trial court made yet another entry on the case-action-summary sheet:
"By express consent of the parties, the Rule 59 hearings are hereby continued and reset for 10/19/04, @ 8:30 am."
Ultimately, on May 2, 2005, the trial court amended the divorce judgment in response to certain issues raised by the parties in their respective motions; the trial court denied all other relief requested by the parties. The wife then appealed the amended divorce judgment on June 10, 2005. That appeal was assigned case no. 2040789.
As noted above, the divorce judgment did not actually contain any language divorcing the parties. On December 13, 2005, this court reinvested the trial court with jurisdiction to correct the divorce judgment to properly reflect that it had divorced the parties. The trial court entered a nunc pro tunc order adding the omitted language to the divorce judgment on December 14, 2005. The wife then appealed from that "judgment" on December 23, 2005; that appeal was assigned case no. 2050276. The two appeals were consolidated ex mero motu.
The husband argues that the wife's appeal in case no. 2040789 was untimely because the entries on the case-action-summary *1146 sheet did not evidence his express consent to continue the time for ruling on the parties' postjudgment motions but instead only indicated his consent to continue the hearing on the motions. See State v. Redtop Market, Inc., 937 So.2d 1013, 1014 (Ala. 2006) (holding that an entry on the case-action-summary sheet that the "[c]ase is passed by agreement of the parties" and that the "[m]otion for new trial or rehearing is reset to [a specific date]" was insufficient to indicate the parties' express consent to extend the pendency of the motion); Ex parte Bodenhamer, 904 So.2d 294, 295 (Ala. 2004) (holding that the wife's consent, by letter, to extend "ninety (90) day period for the hearing on [the husband's postjudgment] motion" was insufficient to extend the time for ruling on that motion); and Harrison v. Alabama Power Co., 371 So.2d 19, 21 (Ala. 1979) (holding that an agreement of the parties to a continuance of a postjudgment motion was not sufficient to extend the time to rule on that motion and relying on another case in which the court stated that "`counsel for appellee did not take positive steps to express in a direct and unequivocal manner that he was willing to extend the 90 day period'" (quoting Personnel Bd. for Mobile County v. Bronstein, 354 So.2d 8, 11 (Ala.Civ.App. 1977))); but see Ex parte Sherer Timber Co., 612 So.2d 467, 468 (Ala. 1992) (finding that an entry on the case-action-summary sheet showing that the postjudgment motion was "continued by agreement" of the parties was, in fact, sufficient to extend the 90-day period for ruling on the motion).
Rule 59.1, Ala. R. Civ. P., provides:
"No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
As the husband points out, any consent to extend the 90-day period for ruling on a postjudgment motion must be in direct and unequivocal terms. This court explained in Personnel Board of Mobile County v. Bronstein:
"Black's Law Dictionary 377 (4th ed. 1968) defines `express consent' as:
"`That directly given either [orally] or in writing. It is positive, direct, unequivocal consent, requiring no inference or implication to supply its meaning.'
"The following definition of `express' is found in Words & Phrases, Vol. 15A, p. 522:
"`"Express" means "made known distinctly and explicitly, and not left to inference or implication; declared in terms; set forth in words; manifested by direct and appropriate language, as distinguished from that which is inferred from conduct. . . . "'"
354 So.2d at 10. Thus, the notations on the case-action-summary sheet, which do not unequivocally express that the parties agreed to extend the 90-day period for a ruling on the postjudgment motions, did not effectively extend the time for ruling on the motions under Rule 59.1. Therefore, the trial court's May 2, 2005, amended judgment was a nullity, and the wife's June 2005 appeal is an attempt to appeal from a void judgment, which will not support an appeal. Carter v. Hilliard, 838 *1147 So.2d 1062, 1064 (Ala.Civ.App. 2002). Accordingly, the wife's appeal in case no. 2040789 is dismissed.
The wife's appeal in case no. 2050276 must suffer the same fate. Although the wife argues that the trial court's inadvertent failure to include language divorcing the parties in the May 2004 divorce judgment, our subsequent reinvestment of the trial court with jurisdiction to include that language, the trial court's entry of its December 2005 nunc pro tunc order including the missing language in the divorce judgment, and her subsequent appeal from the December 2005 "judgment" cured any jurisdictional defect because, she asserts, the divorce judgment did not become final until the entry of the nunc pro tunc order in December 2005, she is incorrect.
"The object of a Rule 60(a)[, Ala. R. Civ. P.,] motion or a judgment nunc pro tunc is to make the judgment or the record speak the truth. Under Rule 60(a) a correction may be made by the trial court at any time.
"The trial court's authority to enter a Rule 60(a) order or a judgment nunc pro tunc is not unbridled. It cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. If the mistake involves an exercise of judicial discretion, any correction is beyond the scope of Rule 60(a) and should properly be effected under Rule 59(e) or Rule 60(b) [, Ala. R. Civ. P.]"
McGiboney v. McGiboney, 679 So.2d 1066, 1068 (Ala.Civ.App. 1995) (citations omitted).
Chief Justice Torbert explained the proper application of Rule 60(a) in his special concurrence in Ex parte Continental Oil Co., 370 So.2d 953, 955-56 (Ala. 1979):
"Although there is no precise delineation in the cases construing Rule 60(a) of the [Alabama Rules of Civil Procedure] or its federal counterpart as to what constitutes a `clerical mistake or error arising from oversight or omission,' generally it can be said that the rule allows the correction of errors of a ministerial nature in order to reflect what was actually intended at the time of entry of the order. The rule contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documentsa mistake mechanical in nature which does not involve a legal decision or judgment. In re Merry Queen Transfer Corp., 266 F.Supp. 605 (E.D.N.Y. 1967). In this respect it has been stated that:
"`Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it. To that end 60(a) permits, inter alia, reasonable additions to the record. In contrast, Rule 60(b) is concerned with changing a final judgment, etc. In such a case the moving party understandably shoulders a much heavier burden.'
"United States v. Stuart, 392 F.2d 60, 62 (3rd Cir. 1968). Corrections involving an exercise of judicial discretion or judgment modifying or enlarging a judgment or order are beyond the purview of Rule 60(a) and should properly be effected under Rule 59(e) or 60(b). `Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.' Wright & Miller & Kane, Federal Practice & Procedure § 2854, at 149 (1973). This court has stated:
"`The object of a judgment nunc pro tunc is not the rendering of a new *1148 judgment and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply non-action by the court, however erroneous the judgment may have been.'
"Wilmerding v. The Corbin Banking Co., 126 Ala. 268, 273, 28 So. 640, 641 (1900).
"Since a correction pursuant to Rule 60(a) may be made at any time and on the trial court's initiative, the rule should be cautiously applied to preserve the integrity of final judgments. Otherwise, the finality of a judgment would only be illusory since the possibility would exist of substitution of a new judgment for the original one at a later date. Therefore, it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned. See Ex parte ACK Radio Supply of Georgia, 283 Ala. 630, 219 So.2d 880 (1969); Busby v. Pierson, 272 Ala. 59, 128 So.2d 516 (1961); Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947). Stated differently, the fact of mistake or error must be supported by the record of the proceedings. See Harris v. Harris, 256 Ala. 192, 54 So.2d 291 (1951)."
The trial court's December 2005 nunc pro tunc order served only to correct the original defective divorce judgment to include the language actually divorcing the parties. That the omission of that language was a pure oversight is more than amply supported by the facts that the May 2004 judgment was identified as a final judgment of divorce and that it addressed those matters typically addressed by a judgment of divorce. Accordingly, the December 2005 nunc pro tunc order related back to the original defective judgment; the time for taking an appeal ran not from the date of entry of the nunc pro tunc order, but instead from the date of entry of the original defective judgment. Faddis v. Woodward Iron Co., 276 Ala. 283, 285, 161 So.2d 486, 488 (1964). Because it was taken in December 2005, more than 42 days after the original judgment was entered in May 2004, the wife's appeal in case no. 2050276 is untimely. See Rule 4(a)(1), Ala. R.App. P.
In light of our decision, we deny the husband's motion to strike the reply brief submitted by the wife in case no. 2050276. Both parties request an attorney fee; those requests are denied.
2040789APPEAL DISMISSED.
2050276MOTION DENIED; APPEAL DISMISSED.
PITTMAN, J., concurs.
MURDOCK, J., concurs in the result, with writing.
BRYAN, J., concurs in the result, with writing, which THOMPSON, J., joins.
MURDOCK, Judge, concurring in the result.
It is with much reluctance that I concur in the result reached by the main opinion. It is my hope that our Supreme Court will take the opportunity, if one is presented to it, either to address anew the adequacy under Rule 59.1, Ala. R. Civ. P., of extension language of the nature utilized by the trial court in this case or at least to address the correctness of this court's conclusion today that the specific language used by the trial court in this case was inadequate to satisfy the requirements for extending the 90-day period for ruling on postjudgment motions under that rule.
*1149 BRYAN, Judge, concurring in the result.
To quote Justice Maddox's dissent in Harrison v. Alabama Power Co., 371 So.2d 19, 21 (Ala. 1979), "today's decision [regarding case no. 2040789] is too technical, and therefore, unjust." I agree with the rationale as stated in Justice Bolin's special concurrence in State v. Redtop Market, Inc., 937 So.2d 1013, 1016 (Ala. 2006), and posit that perhaps this case will present an opportunity for the Supreme Court of Alabama to revisit its overly technical interpretation of Rule 59.1, Ala. R. Civ. P., regarding the adequacy of language expressing consent to extend the 90-day period for ruling on a postjudgment motion. I concur in the result solely because I am constrained by the precedents and the decisions of the Supreme Court of Alabama. Quality Cas. Ins. Co. v. Ruben, [Ms. 2050042, April 14, 2006] ___ So.2d ___, ___ (Ala.Civ.App. 2006) ("[the Alabama Court of Civil Appeals] is bound by the precedents established by the Supreme Court of Alabama"); see also § 12-3-16, Ala.Code 1975.
THOMPSON, J., concurs.