424 So.2d 631 (1982)
Matthew B. WALKER
v.
Dr. J. Russell EUBANKS, Jr.
Civ. 3307.
Court of Civil Appeals of Alabama.
October 6, 1982.
On Rehearing December 22, 1982.
*632 Richard G. Alexander of Alexander & Knizley, Mobile, for appellant.
James H. Crosby and Vincent A. Noletto, Jr. of Brown, Hudgens, Richardson, Whitfield & Gillion, Mobile, for appellee.
WRIGHT, Presiding Judge.
Plaintiff received judgment in small claims court. Garnishment thereon was brought against Dr. Eubanks as garnishee. Garnishee failed to answer. Judgment nisi was entered with notice thereof issued to garnishee at the same address as that on the writ of garnishment. Eubanks failed to respond. Final judgment was entered against him on September 24, 1979. Execution on the judgment was issued thirteen and one-half months after its entry. Eubanks filed a motion to set aside the judgment of September 24, 1979. He alleged as grounds therein that when he was served with the writ of garnishment on or about June 6, 1979, he sent back to the court the answer form given him without filling it in. He averred that he sent a letter to plaintiff's attorney denying indebtedness to the defendant.
There was hearing and argument on the motion which was apparently treated as a Rule 60(b)(1) motion by the court. The motion was denied on January 14, 1981. Eubanks appealed to circuit court.
After appeal to circuit court, Eubanks amended his original motion by alleging that the judgment against him was void because of (1) failure of plaintiff to execute affidavit for the writ of garnishment and (2) for failure of service upon him of the writ of garnishment.
Over a period of time, while the amended motion was pending, there were additional pleadings filed, including affidavits on behalf of plaintiff and Eubanks. Last filed on February 15, 1982, was a motion by Eubanks to quash the service of the writ of garnishment upon him. That motion alleged that the address at which the return indicates service was had upon him was not then, nor ever, his residence or place of business.
On March 8, 1982, judgment was entered granting the Eubanks' motion to quash service of the writ of garnishment upon the garnishee, dismissing the garnishment, discharging the garnishee and taxing all costs to plaintiff. The record fails to disclose any hearing set or held on the Rule 60(b) motion as amended from which judgment thereon in district court the appeal to circuit court was taken. The record specifically states no hearing was held prior to judgment quashing service in circuit court. After denial of plaintiff's motion to reconsider the judgment, plaintiff has appealed to this court.
*633 Plaintiff first contends that the circuit court was without jurisdiction to hear and grant the motion to quash service of the writ of garnishment in district court. The basis of that contention is that the appeal to circuit court was from a judgment denying a 60(b) motion with the ground of excusable neglect. Plaintiff submits that the circuit court on appeal may only review the correctness of the discretionary judgment of the district court in denying that motion. Thus a motion to quash service of an original pleading in district court cannot be first presented in circuit court.
We agree that if an appeal is taken from a judgment rendered in district court, lack of service in district court upon the appealing party may not be presented in the circuit court. As stated in the case of State v. Pollock, 251 Ala. 603, 38 So.2d 870 (1949), the rule is that:
"Under those circumstances, when the court has jurisdiction of the subject matter, if he appeals to a circuit court wherein a trial is to be had de novo, he waives the invalidity of the judgment of the lower court. Of course, he is not without remedy before the appeal is taken and that remedy ... is common law certiorari."
However, in this case, the appeal to circuit court was not from the original judgment, but from a judgment on a 60(b) motionin other words, there was an attack upon or challenge of the original judgment. The ruling on the attack is the basis of the appeal to a new hearing in circuit court.
We agree with plaintiff that the motion to quash was improper form in this case and should not have been considered and ruled upon by the circuit court. The only matter before the circuit court was a Rule 60(b) motion presented there as if for the first time. Let it be understood that at a trial de novo after appeal from district court, there is not a review of the correctness of the judgment of the lower court. It is a new matter as if presented in the circuit court for the first time. A new complaint or an amendment to the old may be filed provided there is not an entire change of parties plaintiff or defendant, nor a departure from or change in the original form of action. Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406 (1928); Vinyard v. Republic Iron and Steel Co., 205 Ala. 269, 87 So. 552 (1921).
In this case there was an amendment adding additional grounds to the 60(b) motion originally filed. One of those new grounds was failure of legal service upon garnishee of the writ of garnishment. Actually, such ground was the same as the allegations of the motion to quash. However, the circuit court had no authority to quash service performed in district court. That was not the issue which invoked its jurisdiction. The circuit court erred in disposing of the appeal on an entirely different issue than that presented to it by the appeal.
The 60(b) motion with its amendments after appeal has not been ruled upon and remains pending. The improper judgment is reversed and the case is returned to circuit court for consideration and judgment on the 60(b) motion after opportunity is presented to be heard thereon. Rule 78, A.R.Civ.P. We will not discuss the matters raised by that motion which have not been ruled upon by the trial court.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.

ON REHEARING
WRIGHT, Presiding Judge.
As a part of a motion for rehearing, there has been filed by appellee a motion to supplement the original record. This is the first time in the experience of this court that there has been a request to supplement the record after a submission and the issuing of an opinion. It appears from the certified supplement that there was an inadvertent omission by the clerk of a judgment entered by the trial court on January 20, 1982.
The first proposition presented is whether this court will allow the supplement to the record at this point in the *634 proceedings. We use the term "allow" because it is our opinion that it is within our discretion to "allow" it or not. We have decided to allow the supplement to the record even at this point because it appears to be within the purpose of Rule 10(f) to do so.
The supplement to the record now presented discloses that the 60(b) motion, which we found in our original opinion not to have been heard and judgment rendered thereon in circuit court, was in fact granted after hearing on January 20, 1982.
Because the record did not disclose such ruling, we remanded in our original opinion for hearing and judgment thereon. The supplement to the record now before us provides such a judgment. Therefore, our remandment for judgment must be and is set aside.
There is also presented on rehearing a motion to dismiss the appeal as untimely. The basis of the motion is that the judgment by the circuit court on the 60(b) motion appealed from district court as now shown by the record was entered on January 20, 1982. The appeal to this court was not taken until May 21, 1982, more than forty-two days after judgment; thus the appeal came too late. We find such to be the case.
We recognize that there was apparently an inadvertent failure of the clerk's office to notice and transpose the judgment from the judge's entry of January 20, 1982. It is admitted by counsel for both appellant and appellee that neither of them noted the entry of judgment, although they received a copy of the form containing the judge's entry by mail. The entry of judgment was also filed by the judge in the circuit clerk's office on January 22, 1982.
As a part of the January 20, 1982 judgment granting the 60(b) motion and setting aside the judgment against Eubanks as garnishee, the court directed the case to be set on the next available trial date. That part of the judgment must be considered a nullity. We say that because having entered judgment on the 60(b) motion, the aspect of the case which had been appealed for trial de novo from district court was completedat an endexcept for possible appeal to this court. Any further proceeding must be pursued in district court.
We pointed out in our original opinion that the granting of the motion to quash service of the notice of garnishment upon the garnishee while the case was in district court was error. In the present state of the record, that ruling is more than mere error. It is a nullity because the circuit court had already entered its final judgment on January 20, 1982. The judgment on the motion to quash was without authority of law and will not support an appeal. There being no appeal brought within forty-two days from the judgment of January 20, 1982, this court has no jurisdiction under Rule 4(a), A.R.A.P. The appeal is therefore dismissed.
The status of this matter now is: the judgment entered in district court against the garnishee Eubank is set aside by the de novo judgment of the circuit court on the 60(b) motion as amended. The judgment of the district court in favor of the plaintiff in the original suit was not involved in the appeal to circuit court and remains in effect.
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.