450 So.2d 464 (1984)
Ex parte Barbara EDWARDS and Jordan Machine Shop, Inc.
In re Jacqueline STRONG, etc.
v.
Barbara EDWARDS, et al.
83-539.
Supreme Court of Alabama.
May 11, 1984.
Malcolm L. Wheeler and M. Wayne Wheeler, Birmingham, for petitioners.
J. Scott Vowell of Beddow, Fullan, & Vowell, Birmingham, for respondents.
MADDOX, Justice.
The issue presented by this petition for mandamus is whether the trial court abused its discretion by permitting appellee (respondent Strong) to modify the record on appeal, pursuant to Rule 10(f), Ala.R. App.P., more than seven days after appellants (petitioners Edwards and Jordan Machine Shop, Inc.) had designated the record on appeal. We conclude that the trial court did not abuse its discretion, and we deny the writ.
On December 5, 1983, Barbara Edwards and Jordan Machine Shop, Inc., defendants below, gave notice of their intention to appeal a judgment of September 19, 1983, and a post-judgment order of November 4, 1983. On December 12, 1983, pursuant to Rule 10(b)(1) and (2), Ala.R.App.P., they designated the record for appeal, which apparently included only a portion of the trial testimony and exhibits.[1] Although the issues that were to be presented for review were served on plaintiff/appellee Jacqueline Strong, she failed to designate, within seven days, any additional portions of the record as permitted by Rule 10(b)(1) and (2), Ala.R.App.P. On February 1, 1984, she filed a motion with the trial court for a modification of the record under Rule 10(f), Ala.R.App.P., to include the remaining testimony and exhibits from the trial. This motion was granted.
Appellee also filed a motion with this Court requesting that the time period for filing briefs be suspended pending filing of the modified record. This Court granted that motion. Appellants then filed in this Court their petition for a writ of mandamus to the Honorable Jack D. Carl, Circuit Judge, Tenth Judicial Circuit, in which they assert that, because the appellee failed to designate the portions of the trial proceedings that she desired included in the record on appeal within the seven days prescribed by Rule 10(b)(1) and (2), the trial judge erred by permitting appellee to modify the record fifty days later. Appellee argues, however, that Rule 10(f) not only permits, but encourages, as a matter of justice, the correction of material omissions from the *465 record on appeal by supplementing the record at any time.
In granting the appellee's motion for modification of the record, the trial court stated:
"This cause came on to be heard on plaintiff's (appellee's) Motion for Modification of the Record. The Court, having considered same and heard argument from counsel for the parties, is of the opinion that the issues presented to the appellate court for review cannot be adequately considered by that court without the addition to the record as requested by the plaintiff (appellee). It is, therefore, ordered that the record on appeal be modified by adding to the reporter's transcript all testimony and exhibits offered at the trial of this cause except for those items previously designated by the appellants, and in addition thereto that the Clerk's record be supplemented by adding thereto the appellee's Motion for Modification of the Record and this Order. * * *"
Rule 10(b)(2) states in pertinent part:
"* * *
"The parties may designate parts or all of the proceedings as they deem necessary for inclusion in the reporter's transcript. If the appellant urges on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the reporter's transcript all evidence relevant to such finding or conclusion.
"The appellant shall, within seven days (one week) after filing notice of appeal, file with the clerk of the trial court and order and file with the court reporter and serve on the appellee a description of the parts of the proceedings (excluding exhibits, which are in the clerk's record) see 10(b)(1) which he deems necessary for inclusion in the reporter's transcript and, if less than all of the proceedings are designated, in addition thereto the appellant shall serve on the appellee a statement of the issues he intends to present on appeal. If the appellee deems that other parts of the proceedings should be included or that the entire proceedings should appear in the reporter's transcript, he shall, within seven days (one week) after service of the appellant's designation on him, file with the clerk of the trial court and court reporter and serve on the appellant a designation which shall contain a description of additional parts to be included or a recital that the entire proceedings shall be included. If the appellant shall refuse to order such additional parts, the appellee shall either order the additional parts or apply to the trial court for an order requiring the appellant to do so. At the time of ordering, a party shall make satisfactory arrangements with the reporter for payment of the cost of the reporter's transcript."
A corresponding rule applies with respect to the portion of the record on appeal containing the clerk's record. See Rule 10(b)(1).
Although appellants (petitioners) designated less than all the trial proceedings for the appellate record, they nevertheless informed the appellee of the issue they intended to pursue on appeal, as required by Rule 10(b). Thus, this question arises: Is an appellee, who fails to designate the other portions of the proceedings below for the record on appeal within seven days, even if the failure was because of error or accident, precluded from having the record modified at a later date?
In Trimble v. City of Prichard, 438 So.2d 745 (Ala.1983), this Court dismissed the appeal because it lacked subject matter jurisdiction, but also addressed a situation where the appellant, more than forty days after filing notice of appeal, designated less than all the proceedings, and also failed to serve on the appellee a statement of the issue to be presented on appeal. Approximately sixty-four days after filing the notice of appeal, appellant attempted to cure her failure to include a transcript of the hearing in the appellate record by proposing that the parties stipulate that the reporter's transcript could be omitted from the record. This Court held that *466 "[b]ecause it is the obligation of the appellant to see that the record on appeal contains evidence sufficient to warrant reversal, [the appellant] must bear the strict penalty for omission of this vital material." 438 So.2d at 747.
The rationale of Trimble v. City of Prichard, however, is not authority for granting the appellants' request for mandamus to prevent a modification of the appellate record by the appellee more than seven days after appellants made their designation of the record. In Trimble, the appellant did not file a motion under the provisions of Rule 10(f), as the appellee did in this case; therefore, the issue in Trimble did not involve whether the omission by the appellant to designate a portion of the record in that case was due to an "error or accident." The spirit of Rule 10 is to permit parties to designate less than the whole record, if only a portion of that record is necessary for a decision of the merits on the appeal. As the commentary to the rule states: "Rule 10 works a substantial change in the form of the record on appeal from former Alabama practice." As further stated in the commentary, Rule 10 "encourages designation of material matters, rather than wholesale inclusion of immaterial matter on the appeal." (Emphasis added.) Rule 10(f) provides:
"If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted."
We conclude that Rule 10(f) acts as a safety valve to allow a party who has, by reason of "error or accident," failed to designate a material portion of the record to request the trial court or this Court to permit additional portions of the record to be designated.
It is plain from the language of Rule 10(f) that this rule was intended to apply in situations where, as here, omissions from the record are determined to be due to either "error or accident." We note that the trial court, prior to granting its order in this case permitting the appellee to modify the appellate record, conducted a hearing and listened to the arguments of the parties. Hence, we conclude that the trial court, by permitting the appellee to modify the record despite her tardiness, did not abuse its discretion under Rule 10(f). Cf. Walker v. Eubanks, 424 So.2d 631, 632-633 (Ala.Civ.App.1982). We further conclude that the trial court's actions were consistent with the intent of the appellate rules, which is to "assure the just, speedy and inexpensive determination of every appellate proceeding on its merits." Rule 1, Ala.R.App.P.
Petitioners (appellants) have failed to show this Court that they have a clear right to relief or that they will suffer irreparable injury because the trial court granted appellee's motion to modify the record on appeal. See Ex parte Slade, 382 So.2d 1127 (Ala.1980); McDowell-Purcell, Inc. v. Bass, 370 So.2d 942 (Ala.1979). Consequently, mandamus is inappropriate in this case, and petitioners are not entitled to the relief requested.
WRIT DENIED.
FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.
TORBERT, Chief Justice (concurring specially).
I concur because the trial court must have implicitly determined that the omission was the result of an "error or accident" and, therefore, that correction or modification of the record was appropriate pursuant to A.R.App.P. 10(f).
NOTES
[1] Since we do not have a copy of the record before us, this Court is limited to the allegations of the parties with respect to the actual content of the record designated for appeal.