The dispositive issue in this workmen's compensation case is whether the appellant timely filed her notice of appeal to this court. Having decided that her appeal was not timely filed, we need not reach the merits of her argument that her action was not barred by the statute of limitations, and that the trial court erred in granting appellee-insurer's motion for summary judgment. Rather than dismissing the appeal without an opinion, we felt the somewhat unusual posture of this case called for a brief summary of the facts and our rationale for concluding the appeal lacks timeliness.
Lena Levine was injured at her place of employment on October 29, 1981. She received workmen's compensation benefits for the period from October 29 to November 24, 1981, when she was totally disabled. Her last payment was received on August 9, 1982. She was informed by Aetna that, pursuant to §25-5-80, Code of Alabama (1975), she had one year from the date of the receipt of her last compensation payment to bring an action relating to her work-related injury. Aetna offered her an amount in excess of $15,000 to settle her case, excepting future medical benefits. One year later, Levine had taken no action, either with respect to Aetna's settlement offer or by filing a lawsuit.
She brought the current action in June of 1985. Aetna raised a statute of limitations defense, and on January 20, 1986, moved for a summary judgment on that ground. In opposing that motion, Levine argued that she had been misled by Aetna as to the time when the statute of limitations would run. She therefore contended the statute had been tolled by Aetna's conduct. The trial court granted Aetna's motion for summary judgment on February 28, 1986. It is at this point that the proceedings begin to take their unusual twist.
On April 4, 1986, Levine filed a "Submission of Documents in Opposition to Motion *Page 1233 
for Summary Judgment." On April 11, 1986, she filed "Plaintiff's Motion to Reconsider," in which it was claimed that additional evidence "could directly effect the outcome of the motion for summary judgment." Oral argument was requested.
On May 9, 1986, the trial court held a hearing on the "Motion to Reconsider." The judgment of February 28, 1986 was set aside and a new summary judgment in favor of defendant was immediately entered. On August 8, 1986, the court made findings of fact and conclusions of law pursuant, it said, to §§25-5-81, -88, Code of Alabama 1975, restating its judgment that Levine's action was barred by the statute of limitations, and finding that there was no evidence supporting Levine's contention that she had been misled by Aetna and that the statute should have been tolled. Levine filed this appeal on September 2, 1986.
Both of Levine's motions filed subsequent to the court's entry of summary judgment against her came more than thirty days after the entry of that judgment; they cannot therefore be considered Rule 59(e) motions. Because Levine based her motions on newly discovered additional evidence, the trial court apparently viewed the motions as governed by Rule 60(b)(2). Having been filed within four months of the first summary judgment, those motions were not improper for a lack of timeliness, and the court could properly set aside the original judgment. There is no appeal from that action. The filing of her notice of appeal from the second summary judgment is a different matter.
Appellate review of workmen's compensation cases must be filed within forty-two days of the date of the entry of the judgment or order appealed from. See Rules 3(a)(1), 4(a)(1), A.R.A.P.; and § 25-5-81(d), Code of Alabama 1975.
The last summary judgment was entered on May 9, 1986. Levine filed her notice of appeal on September 2, 1986. Unless the trial court's findings of fact and conclusions of law affected the finality of the May 9 judgment such as to extend the time for Levine to file an appeal to this court, her appeal comes too late.
The findings and conclusions entered by the trial court on August 8 made a clerical, but not a substantive, change in the judgment entered on May 9. By making its determination on August 8, the court sought to bring its judgment into strict compliance with the workmen's compensation statute.See § 25-5-88, Code 1975. We do not decide here whether such compliance is necessary to entry of a summary judgment upon defense of the statute of limitations. We have not been cited any Alabama case which discusses how such a post-judgment change should be viewed in terms of its effect on the finality of the previous judgment and the time in which an appeal may be taken. We have found several federal cases, however, that are pertinent.
St. Paul Fire Marine Insurance Co. v. ContinentalCasualty Co., 684 F.2d 691, 693 (10th Cir. 1982), held that "motions seeking mere technical changes in the form of a judgment are not Rule 59(e) motions and do not toll the time for filing notice of appeal; rather, they are akin to Rule 60(a) motions to correct clerical errors in a judgment."Also see Harcon Barge Co. v. D G Boat Rentals, Inc.,784 F.2d 665 (5th Cir. 1986). The following is worth quoting in its entirety:
 "Rule 60(a) provides that in cases where an appeal is taken, such clerical mistakes may be corrected, on motion by any party, until the appeal is docketed, and thereafter with leave of the appellate court. Also, a motion to correct a clerical mistake does not affect the finality of the original judgment, Albers v. Gant, 435 F.2d 146 (5th Cir. 1970), nor does it toll the time limits within which an appeal must be taken, International Controls Corp. v. Vesco, 556 F.2d 665 (2d Cir. 1977), cert. denied, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978). For these reasons we hold that when, as here, a district court judgment is corrected by grant of a subsequent motion for Rule 238 delay damages, the order actually *Page 1234 
appealed from is that which originally issued from the district court."
Barris v. Bob's Drag Chutes Safety Equipment,717 F.2d 52, 55 (3rd Cir. 1983). Also see 13 A.L.R.Fed. 794.
We therefore hold that the court's August 8 determinations were in the nature of a 60(a) clerical correction and did not toll the time in which Levine could bring her appeal from the summary judgment entered on May 9. That being so, Levine's September 2 notice of appeal fails for lack of timeliness, and this case is due to be dismissed on that ground.
We do observe that had we reached the merits of this case, we would have affirmed the court's granting of Aetna's motion for summary judgment. The record disclosed no evidence upon which a court could hold that Aetna misled Levine as to what its intentions were regarding its offer to settle the case, its obligation to pay workmen's compensation or when the statute of limitations would run on her claim. Aetna was therefore correctly granted a summary judgment as a matter of law.
The appeal is dismissed.
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.