Leck's 66 Service Station filed suit in the District Court of Tuscaloosa County against James Wilson for "non-payment of service" in the amount of $2,041.80. The defendant, James Wilson, filed an answer, alleging as an affirmative defense and counterclaim a claim for breach of warranty. He also filed a third-party claim against Bell Auto Parts. At trial, after close of evidence, Leck's 66 Service Station and Bell Auto Parts moved for involuntary dismissal of Wilson's counterclaim pursuant to Rule 41(b) of the Alabama Rules of Civil Procedure.
The district court on November 17, 1986, ruled as follows: "Motion for Involuntary Dismissal filed in open court is granted as to both defendants. Tax costs to [plaintiff]."
On November 18, 1986, the attorney for Leck's 66 Service Station notified the court by letter that "the order granting the motions, by mistake, appears in effect to have dismissed the complaint" and requested that the court correct its judgment. The *Page 621 
court on November 21, 1986, made the following order:
 "Order of 11/17/86 granting Motions for Involuntary Dismissal is hereby amended. Order is as follows: Motions for Involuntary Dismissal filed by Leck's 66 and Bell Auto Parts in open court as to [defendant's] counterclaims are hereby granted. Judgment is against [defendant] and in favor of [plaintiff] Leck's 66 Service Station in the amount of $2,041.80, plus court costs."
Following the amended ruling, James Wilson filed an appeal from district court to the Tuscaloosa County Circuit Court. Bell Auto Parts, Inc., filed a motion to dismiss the appeal, which was joined by Leck's 66 Service Station. The ground asserted supporting the motion to dismiss was that the notice of appeal to the circuit court was untimely. The notice of appeal was filed on December 2, 1986, fifteen days after entry of the judgment on November 17, 1986. Section 12-12-70(a), Code 1975, states in pertinent part, as follows:
 "Any party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment or the denial of a posttrial motion, whichever is later. . . ."
The circuit court granted the motion to dismiss. James Wilson appeals that decision.
The issue raised by Wilson is whether the appeal from the district court to the circuit court was timely filed. Wilson contends that the judgment of November 17, 1986, was not a final judgment and that he was appealing the November 21, 1986, judgment, thus the notice of appeal was made within the required fourteen-day period. Although we disagree with the contention that the November 17, 1986, judgment was not a final judgment, we find that the appeal was timely filed from the final judgment of November 21, 1986.
The district court's ruling of November 17, 1986, effectively dismissed the defendant, James Wilson, and ended proceedings against him to collect $2,041.80. Thus the judgment of November 17 was not an order the defendant wished to appeal from.
Appellees claim that the judgment of November 17, 1986, was amended on November 21, 1986, pursuant to a Rule 60(a) motion for clerical error. Therefore, appellees argue that the rule pertaining to clerical mistakes applies, stating that a corrected judgment relates back to the date of the defective judgment, and the time for taking appeal dates from the date of the original judgment. Faddis v. Woodward Iron Co., 276 Ala. 283, 161 So.2d 486 (1964). However, the rule governing clerical mistakes in judgments contemplates a type of error associated with mistakes in transcription, alteration, or omission of papers and documents, a mistake mechanical in nature which does not involve the legal decision or judgment. Michael v. Michael,454 So.2d 1035 (Ala.Civ.App. 1984). Also, the right under Rule 60, A.R.Civ.P., to correct clerical errors does not authorize the trial court to render a different judgment. Mayerv. Mayer, 491 So.2d 249 (Ala.Civ.App. 1986). This is not a case of clerical error but of altering or amending a judgment. Errors which are of a more substantial nature than a clerical error are not to be corrected by way of a Rule 60(a) motion, but should be corrected by a motion under A.R.Civ.P. Rule 59(e) or 60(b). Carnes v. Carnes, 365 So.2d 981 (Ala.Civ.App. 1978), cert. denied, 365 So.2d 985 (Ala. 1979). A court may construe a motion as it is written rather than by the designation assigned it by movant; substance takes priority over form. Swain v. Terry, 454 So.2d 948 (Ala. 1984). The court applied the motion as one to alter or amend a judgment under Rule 59(e), A.R.Civ.P. In any event, Rule 59(d) authorizes the court to act on its own motion, and the court may alter a judgment on its own initiative. Ex parte Owen, 420 So.2d 80
(Ala. 1982). The time for filing a notice of appeal would not begin to run then as of November 17, 1986, but as of the time that the court acted on the post-trial motion and rendered an amended judgment. Thus, the notice of appeal filed by James Wilson in circuit court was timely. *Page 622 
This case is reversed and remanded to the circuit court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.