PER CURIAM.
J.S., the father of S.M.S., a minor child, appeals from a judgment finding S.M.S. to be dependent and awarding primary physical custody of S.M.S. to S.W. and B.W., the child’s maternal grandparents. We dismiss the appeal for lack of jurisdiction.
J.S. filed a motion in the trial court seeking temporary and permanent custody of S.M.S.; at that time, L.B., the child’s mother, had custody. S.W. and B.W. moved to intervene in the ease and requested that temporary and permanent custody of S.M.S. be awarded to them. After a hearing, the trial court found S.M.S. to be dependent; vested temporary legal custody in S.W. and B.W. and in J.S., jointly, pending further orders of the court; and awarded L.B. reasonable visitation. The trial court also scheduled a further hearing in the matter.
After a second hearing, at which ore tenus evidence was presented, the trial court entered a judgment on August 8, 1996, reaffirming its finding of dependency and finding that it was not in S.M.S.’s best interest to be returned to J.S. The trial court’s judgment again vested temporary joint legal custody in S.W. and B.W. and in J.S., but provided that S.W. and B.W. “shall be the primary custodial parents” of S.M.S. and that J.S. would have certain predetermined visitation rights with respect to S.M.S. The trial court’s judgment also contained the following provision:
“It is further ORDERED that [J.S.] pay child support in the amount of _ per month beginning September 1, 1996; said child support to be paid to the Clerk of the District Court and remitted to [B.W. and S.W.].”
On August 22, 1996, J.S. filed a motion to alter, amend, or vacate this judgment so as to award him sole custody, or, in the alternative, for a new trial. S.W. and B.W. filed a response on August 29, 1996, denying J.S.’s right to relief. The trial court subsequently entered an order on September 16, 1996, purporting to deny J.S.’s motion to alter, amend, or vacate; additionally, the trial court’s order contains the following pertinent provisions:
“The Court further finds that in the final paragraph of the Court’s order of August 8, 1996 the child support for [J.S.] was inadvertently left blank by the Court, [and] the Court having seen that said amount was not established, it is therefore
“ORDERED, ADJUDGED AND DECREED that based on the income and salary of [J.S.], $1710.00 per month, [he] shall pay the sum of $281.00 per month as support and maintenance for [S.M.S.].”
J.S. filed a notice of appeal from the trial court’s judgment on September 30,1996.
We note that the trial court’s August 8, 1996, judgment found S.M.S. to be dependent and made an award of primary custody to S.W. and B.W., and we note that custody of S.M.S. (and of S.M.S.’s half-sibling, whose custody is not an issue on this appeal) was the sole issue involved in this case. The trial court’s September 16, 1996, post-judgment order completes a blank in the original judgment addressing the father’s child support obligation with respect to S.M.S. We conclude that the trial court’s September 16, 1996, post-judgment order is a correction of a clerical error in the original August 8, 1996, judgment, pursuant to Rule 60(a), Ala.R.Civ. *171 P.;[1] indeed, the trial court specifically states in its post-judgment order that it is correcting an “inadvertent omission” in its earlier judgment. A Rule 60(a) correction has no bearing on the timeliness of an appeal from the original uncorrected judgment. See Levine v. Malaga Restaurant, Inc., 501 So.2d 1231, 1238-34 (Ala.Civ.App.1987).
Moreover, the uncompleted blank in the support provision of the judgment did not destroy the finality of its judgment. At no time did S.W. and B.W. allege any distinct “claim” for relief in the form of child support from J.S. that would constitute an “allegation indicating the existence of a cause of action ... the underlying factual basis for recovery of which could have been separately enforced” from their right to custody. Ex parte National Ins. Underwriters, 366 So.2d 687, 689-90 (Ala.1978). Thus, the trial court’s August 8, 1996, judgment adjudicated all of the “claims” in this case, and was a final judgment for all purposes, including appeal.
Notice of appeal from a final judgment of a juvenile court must be filed within 14 days of the judgment. Ala.R.Juv.P. 28(C). The trial court’s August 8, 1996, judgment thus could have been appealed only within 14 days from the date of its entry, or, alternatively, within 14 days of the disposition of J.S.’s August 22, 1996, post-judgment motion. See Ala. R.Juv.P. 28(C); Ala.R.App.P. 4(a)(3). This post-judgment motion remained pending only until September 5, 1996, when it was denied by operation of law. See Ala.R.Juv.P. 1(B). Therefore, the last possible day for filing a notice of appeal from the August 8, 1996, judgment was September 19, 1996. Because J.S. did not file his notice of appeal until September 30,1996, this court does not have jurisdiction to review the August 8, 1996, judgment. Scheilz v. Scheilz, 579 So.2d 674, 675 (Ala.Civ.App.1991).
The September 16, 1996, post-judgment order, to the extent that it addresses the father’s August 22, 1996, post-judgment motion outside the 14-day period provided in Rule 1(B), Ala.R.Juv.P., for its disposition, is a nullity and will not support an appeal. See Cleveland v. Savage, 582 So.2d 573, 574 (Ala.Civ.App.1991) (post-judgment order entered after date of disposition is, as a matter of law, a nullity); State Dep’t of Revenue v. Zegarelli, 676 So.2d 354, 356 (Ala.Civ.App.1996) (void judgment will not support an appeal). Consequently, the September 30, 1996, notice of appeal is untimely as a matter of law, and this court must dismiss the appeal based upon the absence of appellate jurisdiction. Rule 2(a)(1), Ala.R.App.P.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.

. Rule 60(a), Ala.R.Civ.P., provides in pertinent part (emphasis added):
"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."