736 So.2d 646 (1999)
Marjorie EDMONDS, individually and as mother and next friend of April Edmonds, a minor child; Vasti E. McFerrin, individually and as mother and next friend of Samuel DeShane McFerrin, a minor child
v.
BESSEMER BOARD OF EDUCATION.
No. 2970511.
Court of Civil Appeals of Alabama.
May 28, 1999.
*647 J. Gusty Yearout and John G. Watts of Yearout, Myers & Traylor, P.C., Birmingham; and Mac Parsons and Jonathan L. Tindle of Burns & Tindle, P.C., Bessemer, for appellants.
Joe L. Tucker, Jr., and Elisabeth Roberts, Birmingham, for appellee.

On Application for Rehearing
PER CURIAM.
The opinion of October 2, 1998, is withdrawn, and the following is substituted therefor.
On October 11, 1995, Marjorie Edmonds and Vasti E. McFerrin, both individually and as next friends of their children (hereinafter collectively referred to as the "plaintiffs"), filed a complaint against the Bessemer Board of Education (the "Board") in the Circuit Court of Jefferson County, Bessemer Division. In their complaint, the plaintiffs alleged that the Board had required them to purchase textbooks for classes required for graduation from high school, in contravention of § 16-36-27, Ala.Code 1975 (now repealed), and § 16-36-29.1, Ala.Code 1975.
The Board answered and the parties conducted discovery. On May 10, 1996, the plaintiffs moved for certification of a class, pursuant to Rule 23, Ala. R. Civ. P. After additional discovery was conducted, the Board filed an amended answer. In its amended answer, the Board admitted that in the 1994-95 school yearbut only in that yearit had violated § 16-36-29.1 by failing to provide students with certain science textbooks. The Board denied that it had violated § 16-36-27 (now repealed).
On November 3, 1997, the Board moved for a summary judgment on the plaintiffs' claim that it had violated § 16-36-27 (now repealed). On November 25, 1997, the trial court entered a partial summary judgment in favor of the Board as to the plaintiffs' claims based on activity that had occurred before May 6, 1994.[1] On December 17, 1997, the trial court certified the November 25, 1997, partial summary judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P.
On application for rehearing, the parties filed a joint stipulation to supplement the record to include two letters. One of those letters, dated January 7, 1998, was from the plaintiffs' attorney to the trial judge and requested that the trial court alter the date in its earlier judgment from "the school years prior to 1994-95" to "the school years prior to May 6, 1994." We grant the motion to supplement the record on appeal, filed with the plaintiffs' application for rehearing. We elect to treat the letter from the plaintiffs' counsel to the trial judge as a Rule 59, Ala. R. Civ. P., postjudgment motion.
On January 12, 1998, the trial court entered a second Rule 54(b) order, which made the change in the date that was requested by the plaintiffs' counsel. On February 10, 1998, the plaintiffs appealed. The Supreme Court of Alabama transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
"`In reviewing the disposition of a motion for a summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact.' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988). When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, *648 538 So.2d 794 (Ala.1989). `[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). On a motion for a summary judgment, this court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990)."
Mutual Sav. Life Ins. Co. v. James River Corp., 716 So.2d 1172, 1176 (Ala.1998).
In construing a statute, this court may determine the legislative intent behind the statute from the language used in the statute, the reason and necessity for the statute, and the purpose the statute seeks to achieve. Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So.2d 687 (Ala.1991). The words in a statute must be given their plain, ordinary, and commonly understood meanings. State Dep't of Transp. v. McLelland, 639 So.2d 1370 (Ala.1994). "If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect." Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So.2d at 689.
The plaintiffs argue on appeal that the trial court erred in entering a summary judgment on their claims under § 16-36-27, Ala.Code 1975 (now repealed). That section read:
"The state board of education shall provide as many textbooks as the appropriation available will provide for the use of all pupils enrolled in the public schools of the state so that no pupil shall be without a textbook except in courses of study which do not require one book for each pupil and except in courses of study not prescribed by the state courses of study committee. Any provision herein to the contrary notwithstanding, all appropriations, rebates from any textbook depository under prior contract or funds otherwise available for the purchase of textbooks by the state shall be expended first to supply sufficient textbooks for each pupil in the first grade to have a copy of each textbook prescribed for use in the first grade, second to supply sufficient textbooks for each pupil in the second grade to have a copy of each textbook prescribed for use in the second grade, and so forth in the order of grades until the funds available for state furnished textbooks shall have been exhausted; provided, however, that in courses such as reading, where several textbooks are used one after another, it shall be considered a sufficient compliance with the requirements of this section if each school system shall have sufficient textbooks for each such course for each pupil in each grade to have one of the books currently being used by the group or class to which such pupil is assigned. The superintendent of education of each county school system and the superintendent of city schools of each city school system shall, on or before the first day of February in each year, certify to the state superintendent of education either that the school system of which he is superintendent has sufficient books to comply with the preceding provision or the number of books of each title and each grade which are required for such school system to comply with the preceding provision. The state superintendent of education shall, on the basis of reports from local superintendents hereinabove required, certify to the state board of education the exact deficiency in available textbooks for pupils enrolled in public schools in the state; and such deficiency shall be remedied by providing additional textbooks, before the expenditure of any state funds for other textbooks. No book shall be purchased with state funds for a *649 local board of education for use of pupils in any grade unless textbooks in each subject shall have been provided for every pupil enrolled in the next lower grade in such school system."
§ 16-36-27, Ala.Code 1975 (now repealed) (emphasis added).
The plaintiffs argue that § 16-36-27 provides a procedure whereby any deficiency in the availability of school textbooks would be remedied and all school textbooks would be supplied for all grades. However, the language of the statute clearly provided that school textbooks were to be purchased for as many of the grades as possible before the available funds were exhausted. Further, even after the state superintendent was notified of a deficiency at a certain grade level, that deficiency merely had precedence over the purchase of textbooks for the next grade level.
The evidence in the record shows that for the years at issue,[2] the Board exhausted all available funds for purchasing school textbooks after it had purchased textbooks for grades one through eight. The representatives of the Board testified that there were no remaining funds available to purchase textbooks for grades 9 through 12. The plaintiffs presented no evidence to contradict the Board's evidence or to show that the Board's purchase of textbooks was not in compliance with § 16-36-27 (now repealed). The trial court did not err in entering the summary judgment in favor of the Board.
APPLICATION FOR REHEARING GRANTED; MOTION TO SUPPLEMENT THE RECORD GRANTED; OPINION OF OCTOBER 2, 1998, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.
THOMPSON, Judge, dissenting.
I would hold that this appeal is untimely and, therefore, that this court does not have jurisdiction to consider the merits of this appeal. For that reason, I must respectfully dissent.
On November 25, 1997, the trial court entered a notation on the case action summary sheet granting the Board's motion for a partial summary judgment as to the plaintiffs' claims based on activity that had occurred before May 6, 1994, the effective date of the repeal of § 16-36-27, Ala.Code 1975. On December 17, 1997, the trial court entered an order certifying the November 25, 1997, partial summary judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P. The trial court "determined the [Board's] motion for a summary judgment was due to be granted in part, namely, for the school years prior to 1994-95." In its order, the trial court listed the grounds for entering the Rule 54(b) certification, in compliance with Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App. 1996). The trial court specifically found that "there is no just reason for delay," see Brown v. Whitaker Contracting Corp., and cited judicial economy and the burden of having to certify a second class of plaintiffs should the appellate court reverse the partial summary judgment and order a trial. The parties did not file any postjudgment motions after the trial court entered the December 17, 1997, Rule 54(b) certification.
On January 12, 1998, the trial court entered a second Rule 54(b) order relating to the November 25, 1997, partial summary judgment. The January 12, 1998, order was virtually identical to the December 17, 1997, order, but there were two changes in the new order. The first change was that instead of referring to the "school years prior to 1994-95," the trial court referred to the "school years prior to *650 May 6, 1994." The second change in the January 12, 1998, order was the inclusion of a sentence purporting to set aside the December 17, 1997, entry of a final judgment. The plaintiffs filed their notice of appeal on February 10, 1998.
Although neither party addressed the issue of jurisdiction in their original briefs on appeal, jurisdictional issues are of such significance that this court may take notice of them at any time, ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala.Civ.App.1998). I conclude that the January 12, 1998, order merely effected a clerical alteration to the December 17, 1997, final, partial summary judgment. A clerical alteration to a final judgment does not toll the time for appeal from that judgment. Wilson v. Leek's 66 Service Station, 513 So.2d 620, 621 (Ala.Civ.App. 1987); Levine v. Malaga Restaurant, Inc., 501 So.2d 1231 (Ala.Civ.App.1987). The plaintiffs appealed from the December 17, 1997, order more than 42 days after that order was entered. See Rule 4, Ala. R.App. P. Therefore, I conclude that this appeal is untimely.
In order to treat this appeal as timely filed, the majority has elected to treat a letter from the plaintiffs' counsel to the trial judge as a Rule 59 motion to alter, amend, or vacate the judgment. Such a motion would toll the time for appeal from the December 17, 1997, judgment.
When the plaintiffs filed their application for rehearing of this court's original decision in this appeal, the two sides filed a document entitled "Joint Stipulation of Additional Facts to be in the Record, or, in the Alternative, a Joint Motion to Supplement the Clerk's Record." In that motion, the plaintiffs sought to have this court include two letters in the record on appeal. One letter is from the Board's attorney to the plaintiffs' counsel; the other is from the plaintiffs' counsel to the trial judge. It is undisputed that neither letter was filed in the trial court and that, therefore, neither letter was made a part of the record on appeal until the majority, on rehearing, allowed a supplementation of the record. In both letters, the attorneys urged the change in the order that the trial court later incorporated into its January 12, 1998, order. In one of the letters, the Board's attorney states that the proposed change was "not substantive but merely for clarification."
The plaintiffs sought to have this court allow them to include the two letters in the record, pursuant their "joint stipulation" with the Board. In the alternative, they asked that this court allow them to supplement the record pursuant to Rule 10(f), Ala. R.App. P. The plaintiffs asked this court to interpret the letter to the trial judge as a postjudgment motion made pursuant to Rule 59(e), Ala. R. Civ. P., which would toll the running of the time for appeal from the December 17, 1997, order. Other than citing Rule 10(f), the parties cited no authority in support of their joint petition to supplement the record and made no argument in support of our supplementing the record at this late date.
In Walker v. Eubanks, 424 So.2d 631, 633 (Ala.Civ.App.1982), this court allowed the supplementation of the record pursuant to Rule 10(f) after the appeal had been submitted and an opinion had been issued. In that case, the appellee sought to supplement the record after "an inadvertent omission by the clerk of a judgment entered by the trial court." (Emphasis added.) This court noted, however, that it was within the court's discretion whether to allow the supplementation of the record. Id.
In Ex parte Edwards, 450 So.2d 464 (Ala.1984), our Supreme Court affirmed a trial court's order allowing a record to be supplemented on appeal pursuant to Rule 10(f), where the appellee had failed to designate portions of the record pursuant to Rule 10(b) before the appeal was submitted to the court. The Supreme Court noted that "Rule 10(f) acts as a safety valve to allow a party who has, by reason of `error or accident,' failed to designate a *651 material portion of the record to request the trial court or this court to permit additional portions of the record to be designated." Ex parte Edwards, 450 So.2d at 466.
This case, however, did not involve a clerk's omission of a judgment. See Walker v. Eubanks, supra. Further, the motion to supplement the record on appeal was not filed in the trial court. See Ex parte Edwards, supra. Also, it is undisputed that the letter from plaintiff's counsel to the trial court was not filed with the clerk of the trial court as is required by Rule 10, Ala. R.App. P., that it was not submitted as evidence, and that it was not a part of the original record on appeal. The plaintiffs have made no argument to this court relating to the cases cited in this dissent or to any other authorities in support of their request that this court supplement the record.
More significantly, Rule 10(f), upon which the courts in Ex parte Edwards and Walker v. Eubanks relied in allowing a supplementation of the record, has since been "entirely rewritten, now setting forth deadlines." Court Comments to Amendments Effective October 1, 1991, Rule 10(f), Ala. R.App. P. (emphasis added).
Rule 10(f), Ala. R.App. P., now reads, in part:

"(f) Supplementing or Correcting the RecordCivil. If admitted or offered evidence that is material to any issue on appeal is omitted from the record after being designated for inclusion as required in Rule 10(b), or if any question arises as to whether the record correctly reflects what occurred in the trial court and the parties cannot stipulate what action should be taken to supplement or correct the record, the appellant may, within 14 days (2 weeks) after the date shown on the copy of the certificate of completion of the record on appeal, or the appellee may, within 14 days (2 weeks) after the filing of the appellant's brief, file a motion with the clerk of the trial court to supplement or correct the record on appeal.... Any party filing a motion with the trial court pursuant to this rule shall file a copy of the motion with the clerk of the appellate court and shall serve a copy on the appropriate court reporter, if the reporter's transcript is to be supplemented or corrected, and on all other parties. Within 14 days (2 weeks) after the filing of a motion pursuant to this rule or after the parties have stipulated what action should be taken, the trial court shall enter such orders as are necessary to ensure that the record is complete and that it conforms to the truth. Failure by the trial court to rule on any motion filed in accordance with this rule within that 14-day (2-week) period shall constitute a denial of the motion as of the date of the expiration of the period.
"Any dissatisfied party may, within 7 days (1 week) after the entry of an order on a motion to supplement or correct the record, or, if no order is entered, within 7 days (1 week) of the expiration of the 14-day (2-week) period provided in this rule for entry of an order by the trial court, seek appropriate relief in the appellate court.
"The appellate court may, on the motion of a party or on its own initiative, order that a supplemental or corrected record be certified and transmitted to the appellate court if necessary to correct an omission or misstatement...."
While this rule is not a model of clarity with regard to the time limits imposed when the parties stipulate as to what action should be taken, I believe this rule makes it clear that the motion to supplement the record must be filed with the trial court. In this case, the motion to supplement the record was never presented to the trial court and was filed in this court far beyond the time limits contemplated by Rule 10(f). The plaintiffs do not address these procedural defects and cite no authority in support of the motion to supplement the record. I believe the majority has erred in determining that this *652 appeal was timely filed on the basis of the letter that the majority has now incorporated into the record on appeal. I would deny the motion to supplement the record.
I also disagree with the majority's interpretation of the letter from the plaintiffs' counsel to the trial judge as a postjudgment motion that would toll the time for appeal from the trial court's December 17, 1997, partial summary judgment. Even assuming that the letter was a valid postjudgment motion, I believe that the change requested in that letter was a clerical alteration and not a substantive change in the judgment.
Rule 60(a), Ala. R. Civ. P., provides that a trial court may, at any time, on its own initiative or on the motion of a party, correct clerical mistakes in an order or judgment. "[T]he rule governing clerical mistakes in judgments contemplates a type of error associated with mistakes in transcription, alteration, or omission of papers and documents, a mistake mechanical in nature which does not involve the legal decision or judgment." Wilson v. Leck's 66 Service Station, 513 So.2d at 621. Rule 60(a) does not authorize a trial judge to enter a second, different order, i.e., one that would alter the positions or rights of the parties. Id. When a trial judge corrects a judgment pursuant to Rule 60(a), the corrected judgment and the running of the time for taking an appeal relate back to the entry of the original, defective judgment. Wilson v. Leck's 66 Service Station, supra; Faddis v. Woodward Iron Co., 276 Ala. 283, 161 So.2d 486 (1964).
In Wilson v. Leck's 66 Service Station, supra, the district court granted the plaintiffs motion entitled "Motion for [an] Involuntary Dismissal." Four days later, on motion of the plaintiff, the court entered an order explaining that the previous order did not dismiss the plaintiffs complaint but instead granted the plaintiff's motion to dismiss the defendant's counterclaim. Although the defendant's notice of appeal from the district court to the circuit court would not have been timely if the time had been measured from the first order entered by the district court, this court held that the defendant's appeal from the later, corrected order was timely. In Wilson, the difference between the two orders entered by the court was substantive rather than clerical. Because the district court rendered an amended judgment in favor of a different party, this court held that the district court's action was not taken pursuant to Rule 60(a), Ala. R. Civ. P., and that, therefore, the time for appeal did not relate back to the date of the original order. 513 So.2d at 621.
In J.S. v. S.W., 702 So.2d 169 (Ala.Civ. App.1997), the trial court entered an order awarding custody of a child to the maternal grandparents and ordering the child's father to pay child support "in the amount of ____ per month." The trial court later entered an order purporting to deny the father's postjudgment motion;[3] in that order, the trial court also set the father's child-support obligation, "inadvertently left blank by the Court" in the earlier order, at $281 per month. This court held that the incomplete child-support provision in the trial court's original judgment did not destroy the finality of that judgment and that the court's later order merely corrected the clerical error in the original order. Because the father's notice of appeal from the original, uncorrected judgment was untimely, this court dismissed the appeal. J.S. v. S.W., supra.
On January 12, 1998, the trial court in this present case modified its original judgment to alter the date to reflect that the partial summary judgment applied to all activity occurring before May 6, 1994, the effective date of § 16-36-29.1, Ala. Code 1975. The previous partial summary judgment, dated December 17, 1997, had been entered as to all activity occurring *653 before the 1994-95 school year. Thus, the January 12, 1998, change in the partial-summary-judgment order merely designated the same period of time differently than had the language of the December 17, 1997, order. The parties were well aware of the significance of the date May 6, 1994; the trial court specifically referred to that date in its November 25, 1997, entry of the partial summary judgment. Both the December 17, 1997, order and the January 12, 1998, order referred to the trial court's November 25, 1997, entry of the partial summary judgment.
The January 12, 1998, order purported to set aside the December 17, 1997, order; however, I believe that the January 12 order did not affect the substance of the earlier order. Both orders were adverse to the plaintiffs on their claims for the same period of time. The January 12, 1998, order did not affect or in any manner alter the legal rights or status of the parties; thus, it did not constitute a new or amended order. I believe that the trial court's January 12, 1998, alteration of its December 17, 1997, judgment was mechanical, and not substantive, in nature.
I conclude that the January 12, 1998, order was a correction of the December 17, 1997, order and was made by the trial court pursuant to Rule 60(a), Ala. R. Civ. P. The trial court's January 12, 1998, order, therefore, relates back to the December 17, 1997, order. "A Rule 60(a) correction has no bearing on the timeliness of an appeal from the original uncorrected judgment." J.S. v. S.W., 702 So.2d at 171.
A notice of appeal must be filed within 42 days of the entry of a final judgment. Rule 4(a)(1), Ala. R.App. P. The plaintiffs filed their notice of appeal on February 10, 1998, which was 55 days after the trial court's December 17, 1997, entry of the final judgment. "An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Rule 2(a)(1), Ala. R.App. P. I believe that this appeal was not timely filed and that, therefore, this court does not have jurisdiction over this matter. J.S. v. S.W., supra. Therefore, I must respectfully dissent.
CRAWLEY, J., concurs.
NOTES
[1] May 6, 1994, is the effective date for the repeal of § 16-36-27, Ala.Code 1975; that statute was replaced by § 16-36-29.1, Ala. Code 1975.
[2] We assume, for the purposes of this argument, that the statute of limitations did not bar the claims for any of the years preceding the 1994-95 school year.
[3] Because the trial court in J.S. v. S.W. ruled on the father's Rule 59 motion well after the 14-day period provided for in Rule 1(B), Ala. R. Juv. P., its denial of that motion was a nullity. J.S. v. S.W., 702 So.2d at 171.