On Application for Rehearing

PITTMAN, Judge.
In addition to filing an application for rehearing and an amended application for rehearing, Vanessa McGhee, the tenant, has filed a motion to supplement the record on appeal and an amended motion to supplement the record on appeal. The material that is the subject of the motion to supplement as amended is purported to be a transcript of a hearing held in the district court on August 24, 2000; according to the tenant, that purported transcript *136 (which was not prepared until after this court issued its opinion on original submission) “shows that the [district [cjourt [jjudge did not set the amount of rent.” The Housing Authority of the Birmingham District (“HABD”) has moved to strike the transcript, arguing that (1) the tenant did not first seek to supplement the record in the circuit court, as required by Rule 10(f), Ala. R.App. P.; (2) the tenant, as the appealing party, has the burden of ensuring that the record is correct; and (3) the transcript is not a transcript of proceedings held in the circuit court and is therefore not properly to be considered.
In Walker v. Eubanks, 424 So.2d 631 (Ala.Civ.App.1982), we noted that we have the discretion to allow supplementation of the record under Rule 10(f), Ala. R.App. P., on rehearing. However, as the Alabama Supreme Court noted in Cowen v. M.S. Enterprises, Inc., 642 So.2d 453 (Ala.1994), “Rule 10(f) provides for the supplementation of the record only to include matters that were in evidence in the trial court,” and it “was not intended to allow the inclusion of material in the record on appeal that had not been before the trial court.” 642 So.2d at 455 (emphasis added).
As we noted in our opinion on original submission, the tenant argued on appeal that the handwritten amounts added in the blanks provided in HABD’s proposed judgment form to reflect the district court’s determinations as to the tenant’s monthly and accrued rent were “impermissibly” filled in by “a clerical worker in the district court”; however, we noted that “the tenant did not make that argument in the circuit court, and therefore cannot now raise it on appeal to this court.” McGhee v. Housing Auth. of the Birmingham Dist., 890 So.2d 122, 126 (Ala.Civ.App. 2003). We conclude that the same principle renders improper the tenant’s invocation of Rule 10(f), Ala. RApp. P., in an effort to supplement the record with a transcript that was not even prepared until after this court’s opinion on original submission was released and that pertains to an argument that was not made to the circuit court. HABD’s motion to strike is, therefore, due to be granted.
The tenant’s application for rehearing, as amended, is overruled. The tenant has also filed a motion for sanctions that, like her application for rehearing, relies upon material outside the record and upon arguments not made to the circuit court; that motion is denied.
MOTION TO STRIKE TRANSCRIPT GRANTED; APPLICATION OVERRULED; MOTION FOR SANCTIONS DENIED.
CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs specially, with writing.
YATES, P.J., concurs in part and dissents in part, with writing.