The City of Hartselle ("the employer") appeals a judgment awarding Martha Diane Wilbanks ("the employee") workers' compensation benefits. Because it is untimely, we dismiss the appeal.
The trial court entered a judgment awarding the employee benefits on November 4, 2005. On January 10, 2006, the employee filed a motion seeking to correct the judgment insofar as it had used an incorrect date for the termination of the temporary benefits paid by the employer and thus had incorrectly computed the benefits due the employee. The trial court granted the motion and, on January 17, 2006, issued an amended judgment reflecting the appropriate date and adjusting the computations figuring the amount of compensation due the employee. The employer filed a notice of appeal on February 28, 2006. The employer's argument on appeal concerns only the propriety of the trial court's conclusion that the employee was permanently and totally disabled.
The motion filed by the employee was filed more than 30 days after the entry of the November 4, 2005, judgment, and, thus, was not a timely motion pursuant to Rule 59, Ala. R. Civ. P.; therefore, it did not toll the time for taking an appeal.[1]See Rule 4(a)(3), Ala. R.App. P.; Levine v. MalagaRest, Inc., 501 So.2d 1231, 1233 (Ala.Civ.App. 1987) (noting that motions filed more than 30 days after the entry of a judgment cannot be considered proper Rule 59 motions). An appeal must be filed within 42 days of the entry of the judgment. Rule 4(a)(1); see also Levine, 501 So.2d at 1233. Thus, the employer's notice of appeal, which was filed more than *Page 935 
42 days after the entry of the November 4, 2005, workers' compensation judgment, is untimely. See Rule 4(a)(1), Ala. R.App. P.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
[1] Instead of seeking to amend the judgment pursuant to Rule 59, the employee made the motion pursuant to Rule 60(a), Ala. R. Civ. P. However, because the motion sought more than a mere correction of a clerical error, the motion was not a proper Rule 60(a) motion. See Bergen-Patterson, Inc. v. Naylor,701 So.2d 826, 828-29 (Ala.Civ.App. 1997) (explaining the proper use of a Rule 60(a) motion in a workers' compensation case);Levine v. Malaga Rest., Inc., 501 So.2d 1231, 1233-34
(Ala.Civ.App. 1987); see also Continental Oil Co. v.Williams, 370 So.2d 953, 955-56 (Ala. 1979) (Torbert, C.J., concurring specially) (discussing Rule 60(a)). The employee's motion also referenced Rule 60(b); however, the motion stated no grounds under 60(b) that would entitle the employee to any relief from the judgment.